Bernosky, Appellant, *v.* Greff.

Argued May 23, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*Henry Houck,* for appellant.

*James J. Gallagher,* for appellee.

OPINION BY MR. CHIEF JUSTICE MAXEY, June 30, 1944:

Appellant contends that when a passenger is injured by reason of that vehicle's leaving the highway and colliding with a pole, this passenger makes out a case of negligence against the driver by proving that the latter just before the accident fell asleep at the wheel. The court below charged the jury in effect that the mere fact that a driver of a car falls asleep at the wheel is not proof of negligence unless his falling asleep is due to his failure to take proper care and due caution and that he would be guilty of negligence only if just before falling

asleep he "knew and felt that he was in such a condition that sleep was likely to overtake him".

Plaintiff and defendant are first cousins. On May 19, 1939, defendant, in his automobile, drove the plaintiff from Girardville to Philadelphia. They were accompanied by the defendant's wife and stepdaughter, Josephine Velevis, and the plaintiff's son, Donald, and daughter, Dorothy. On the afternoon of May 21, 1939, the same group started the return journey. At a point south of Schuylkill Haven there was a brief rain storm, which soon subsided, and it was not raining as the car proceeded from Schuylkill Haven toward Mt. Carbon. The state highway between Schuylkill Haven and Mt. Carbon, on which they were travelling, is a concrete three-lane highway thirty feet in width. Near Mt. Carbon this highway curves to the left. As the car, being driven by the defendant, approached this curve, it left the highway and came into collision with a telegraph pole situated approximately fourteen feet from the edge of the highway. The plaintiff, who was on the back seat, was thrown forward by the force of the impact, sustaining injuries for which she brought suit.

After trial the jury returned a verdict for the defendant. A motion for a new trial was overruled and judgment was entered on the verdict. This appeal followed.

Any individual who "falls asleep" naturally, does so either willingly or through exhaustion. If he falls asleep willingly while driving an automobile he is, of course, negligent. If he drives an automobile while he is in such a state of exhaustion that he falls asleep though he does not will to do so, he is equally negligent, for he is chargeable with knowledge that an individual in a state of exhaustion is likely to fall asleep.

In a normal human being sleep does not come without warning. Before sleep there is drowsiness and before drowsiness there is usually great fatigue or at least a *desire* to sleep. Human affairs would be in a precarious

state if locomotive engineers, aviators, chauffeurs, motormen and others in charge of machinery in motion were liable to "fall asleep" at any time without first becoming consciously aware of sleep's approach and taking immediate steps to bring to a stop the mechanism under their control or placing it in the hands of one who is completely awake and alert. The Creator wisely provided that sleep does not come upon human beings unannounced. Therefore when a driver of an automobile falls asleep while driving, it is a legitimate inference that he was negligent either (1) in permitting himself to fall asleep while at such a responsible post of duty, or (2) if he possessed no such will power as would enable him to keep awake under the circumstances, in not ceasing to drive the vehicle. Any other rule than this in respect to "sleeping at the wheel" must be rejected as contrary to the facts of life and as condemned by sound considerations of public policy. For a driver to sleep at the wheel of a moving automobile makes him prima facie guilty of negligence. If there are any facts which under the circumstances tend to exculpate him from the charge of negligence, the burden of producing them is upon him.

In *Blood v. Adams,* 169 N. E. 412, 413, the Supreme Judicial court of Massachusetts said: "Voluntarily to drive an automobile on a public street at any time of day or night with eyes closed, or to yield to sleep while operating such kind of dangerous machine as is an automobile on a public highway, is to be guilty of a degree of negligence exceeding lack of ordinary care, and is a manifestation of recklessness which may be found by judge or jury to be gross negligence within any reasonable definition of that phrase." In *Cooper v. Kellogg,* 42 P. (2d) 59, 61 (Cal.) the Supreme Court of California said: "In fact, the numerous cases examined in which the courts of other jurisdictions have considered this question, are almost unanimously to the effect that the

fact of falling asleep while driving is sufficient to establish a prima facie case of ordinary negligence only, whereupon it becomes incumbent upon the defendant to offer proof of circumstances in excuse or justification of his conduct . . .". In *Bushnell v. Bushnell,* 131 A. 432, the Supreme Court of Errors of Connecticut held that a chauffeur going to sleep while driving an automobile is a proper basis for an inference of negligence sufficient to make out a prima facie case, and sufficient for a recovery, if no circumstances tending to excuse or justify his conduct are proven by the defendant.

There is nothing in the case of *Frank v. Markley,* 315 Pa. 257, 260, 173 A. 186, cited by appellee, which is inconsistent with the conclusion we have reached in this case. In that case the question was whether the fact that a guest in an automobile slept during its operation made him guilty of contributory negligence. We held that .it was *not* evidence of a guest's negligence, and we said that: "to require a guest to be always awake and alert to take part in driving an automobile would have a tendency to destroy the efficiency of the driver".

The judgment is reversed with a venire.