378 A.2d 450

**COMMONWEALTH of Pennsylvania**

v.

**Joseph PODRASKY, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 8, 1976.

Decided Oct. 6, 1977.

58

Richard J. Green, Jr., Johnstown, for appellant.

J. Michael Dorezas, Assistant District Attorney, Hollidaysburg, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

Appellant was convicted of violating section 1001(1) of The Vehicle Code [1] and was sentenced to pay a fine of $10.00 and costs. We reverse.

On July 9, 1975, at approximately 12:06 a. m., a Logan Township police officer stopped the automobile which appellant had been driving on Pleasant Valley Boulevard, Logan Township, Blair County. The officer issued a citation charging appellant with violation of "Pa.M.V.C. 1001" in that "defendant did endanger life and property of another by making U turn on highway." Appellant was found guilty of this charge by a district magistrate and appealed to the Court of Common Pleas.

1. Act of April 29, 1959, P.L. 58, § 1001 (75 P.S. § 1001).

█ The case was tried before a judge on February 17, 1976. Patrolman Briggs, the officer who issued the citation, testified that he "observed a Chrysler, Pa. Registration X75988 pull to the extreme right hand side off the paved surface and make a U-Turn across Route 220 going from the north bound to the south bound lane, in front of on-coming traffic." (Printed Record 8a). The officer further stated that traffic at the time was "moderate" and that no directional signals were employed to herald the turn.

Appellant testified that, on the occasion in question, he was driving to the Veterans Administration Hospital to pick up his wife, a nurse at that institution. Appellant did not notice the hospital entrance in time to slow down and make the turn properly. He stated that he could have stopped and made the turn but felt that such a sudden maneuver might pose problems for the traffic behind him. Proceeding past the hospital entrance, appellant pulled completely off the road onto the right hand (east) berm. He waited for traffic in the near lane to pass, then pulled completely across the four lane highway onto the opposite (west) berm, where he stopped once again. Perceiving no oncoming traffic, appellant reentered the highway, proceeded to a point opposite the hospital entrance and made a left turn into the hospital drive, where the officer stopped him and issued the citation.

Appellant contends that the evidence was insufficient to support a verdict of guilty. We agree. Appellant was convicted under section 1001 of The Vehicle Code, which provides, in pertinent part:

"Reckless driving is unlawful, and for the purpose of this act, is construed to include the following:

(1) Any person who drives any vehicle or streetcar or trackless trolley omnibus upon a highway carelessly disregarding the rights or safety of others, or in a manner so as to endanger any person or property."

The term "reckless", as employed in this statute, was defined in *Commonwealth v. Forrey*, 172 Pa.Super. 65, 68, 92 A.2d 233, 234 (1952), where the court announced:

"In this State the phrase 'reckless' conduct is used as the equivalent of 'culpable negligence, or criminal negligence' so designated in the language of the decisions in other jurisdictions. *Com. v. Gill,* 120 Pa.Super. 22, 32, 182 A. 103. Reckless driving as included within the unlawful conduct described in the 1951 amendment of § 1001(a) is a definition of culpable negligence. Conduct charging a driver with reckless driving amounting to culpable negligence under the 1951 amendment, therefore, need not be wilful or wanton; to sustain the charge however, there must be evidence of negligent acts, amounting to a careless disregard of the rights or safety of others, the consequences of which could reasonably have been foreseen by the driver of the vehicle."

*See Commonwealth v. Humphry,* 216 Pa.Super. 131, 264 A.2d 434 (1970); *Commonwealth v. Evelyn,* 184 Pa.Super. 514, 136 A.2d 158 (1957); *Commonwealth v. Stephens,* 179 Pa.Super. 255, 115 A.2d 904 (1955).

Appellant asserts that the turn he executed was not illegal per se and that the Commonwealth showed no negligence or lack of care on his part. Patrolman Briggs testified that traffic on Pleasant Valley Boulevard was "moderate" and that "[t]here was a line of traffic coming south so that when Mr. Podrasky made his trun [sic] he would have had to turn in front of the south bound traffic. . . ." (NT 2). Patrick Podrasky, appellant's brother, was a passenger in the car when the incident occurred. His testimony regarding the circumstances under which the turn was made was essentially the same as appellant's. Patrick stated that he noticed a white truck approaching from the north as they crossed the highway, but that the truck turned into the shopping area. He additionally maintained that there was no traffic close to their auto when they negotiated the turn.

Nothing in Patrolman Briggs' testimony, which constituted the sole evidence against appellant, indicated that appellant's actions were culpably negligent or that they endangered other persons. No accident occurred, and no evidence

was adduced that appellant's turn nearly caused an accident or that it even interfered with the normal flow of oncoming traffic. The record is barren of any indication of the distance between appellant's automobile and the nearest approaching vehicle at the time the turn was executed. Further, Patrolman Briggs did not testify that the turn was effected at high speed or that it bore any additional negligent aspect other than the driver's failure to use his directional signals.

"In determining the sufficiency of the evidence the test is whether, accepting as true all the evidence of the Commonwealth and all reasonable inferences arising therefrom, upon which, if believed, a finder of fact could properly have based its verdict, such evidence was sufficient in law to prove the elements of the crime in question beyond a reasonable doubt. *Commonwealth v. Segers*, 460 Pa. 149, 157, 331 A.2d 462, 466 (1975); *Commonwealth v. Paquette*, 45 Pa. 250, 301 A.2d 837 (1973); *Commonwealth v. Eiland*, 450 Pa. 566, 301 A.2d 651 (1973); *Commonwealth v. Williams*, 450 Pa. 327, 301 A.2d 867 (1973)." *Commonwealth v. Sullivan*, 472 Pa. 129, 149, 371 A.2d 468, 478 (1977). Applying this standard of review to the facts before us, it is clear that the evidence in this case was insufficient to support a verdict of reckless driving. It is axiomatic that the trial court was free to disbelieve completely the uncontradicted testimony of appellant and his brother. *See Commonwealth v. Robson*, 461 Pa. 615, 337 A.2d 573 (1975). However, the language "careless disregard of the rights or safety of others" sets the standard of proof for the statutory offense of reckless driving at less than wilful and wanton conduct on the one hand and more than ordinary negligence or the mere absence of care under the circumstances on the other. The Commonwealth's evidence clearly did not meet this requirement.

The judgment of sentence of the lower court is reversed and the charge is dismissed.