## Commonwealth v. Bloom

*Thomas F. Morgan,* for Commonwealth.
*James A. Naddeo,* for defendant.

REILLY, *P.J.,* June 27, 1980—This matter comes before the court upon appeal from a summary conviction of reckless driving. At the hearing on the merits, the Commonwealth introduced testimony that on October 4, 1978 defendant above-named was involved in a one-car accident and that

during the investigation by the Pennsylvania State Police, he admitted to the officer that the accident occurred as a result of his having fallen asleep. The Commonwealth thereupon rested and defendant demurred. This court agrees with defendant and does sustain his demurrer.

In Com. v. Podrasky, 250 Pa. Superior Ct., 57, 61, 378 A. 2d 450 (1977), the court stated:

"[T]he language 'careless disregard of the rights or safety of others' sets the standard of proof for the statutory offense of reckless driving at less than wilful and wanton conduct on the one hand and more than ordinary negligence or the mere absence of care under the circumstances on the other."

In Bernosky v. Greff, 350 Pa. 59, 38 A. 2d 35 (1944), the Supreme Court of Pennsylvania adopted the majority view of other jurisdictions with regard to sleeping motor vehicle operators. This view as stated in Cooper v. Kellogg, 2 Cal. 2d 504, 42 P. 2d 59 (1935), is as follows:

"[F]alling asleep while driving is sufficient to establish a prima facie case of ordinary negligence only . . . [but] [w]here more than ordinary negligence is required for recovery, the particular question becomes whether, in the light of the surrounding circumstances, there was a sufficient likelihood, of which the defendant knew or should have known, that sleep would overtake him while operating the car to render him guilty of the degree of culpability necessary for recovery."

In view of this, the Commonwealth's testimony was sufficient to prove only ordinary negligence and therefore, must fail to sustain the charge.

Wherefore, the court enters the following

## ORDER

Now, June 27, 1980, following hearing upon the above-captioned summary appeal, it is the order of this court that said appeal be and is hereby sustained and the citation dismissed.