475 A.2d 834

**COMMONWEALTH of Pennsylvania**

v.

**Rick Lee WOOD, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 28, 1983.

Filed May 4, 1984.

Petition for Allowance of Appeal Denied Oct. 25, 1984.

Thomas G. Klingensmith, Assistant Public Defender, Lancaster, for appellant.

Edward F. Browne, Jr., Assistant District Attorney, Lancaster, for Commonwealth, appellee.

Before WICKERSHAM, MONTEMURO and MONTGOMERY, JJ.

MONTEMURO, Judge:

The appellant, Rick Lee Wood, was convicted of recklessly endangering another person[1] after a jury trial in the Lancaster County Court of Common Pleas. Post verdict motions were denied by the trial court. On July 6, 1982, the appellant was sentenced to three (3) to twenty-three (23) months imprisonment. This appeal followed.

■ The appellant contends that the trial court erred in refusing to instruct the jury on the offense of reckless driving, which he maintains is a lesser included offense of recklessly endangering under the circumstances of this case. We agree.

The facts relevant to this appeal are as follows: On May 27, 1981, two young men, Franklin Ayres and William Hummel, rode their bicycles into the Turkey Hill Minit Mart in Landisville, Lancaster County. At the same time, the appellant was at the market purchasing some iced tea. The appellant was driving a 1969 Chevrolet Coupe, and as he pulled away from the market, he made an obscene gesture toward Hummel. Hummel returned a derogatory witticism pertaining to the appellant's intelligence.

Shortly thereafter, Hummel and Ayres were riding their bicycles toward Hummel's house when they were overtaken by the appellant. The appellant got out of his vehicle and challenged Hummel and Ayres to fight. The two cyclists refused and proceeded down the road. They then heard the appellant's car accelerate toward them. Hummel moved off the road and attempted to jump the curb with his bicycle, but negotiated the jump improperly and fell to the ground. Ayres remained on the road and was struck a glancing blow by the side of appellant's vehicle knocking him to the ground. Neither Ayres, nor Hummel was injured in the incident. We would conclude under these facts that a charge to the jury on reckless driving was warranted.

■ The test for determining whether an offense is a lesser included offense is whether all the essential elements of the lesser offense are included in the greater offense.

1. 18 Pa.C.S.A. § 2705.

*Commonwealth v. Williams,* 299 Pa.Super. 278, 445 A.2d 753 (1982); *Commonwealth v. Wise,* 298 Pa.Super. 485, 444 A.2d 1287 (1982); *Commonwealth v. Gouse,* 287 Pa.Super. 120, 429 A.2d 1129 (1981). *See also Commonwealth v. Thomas,* 482 Pa. 312, 393 A.2d 1122 (1978); Model Penal Code § 1.07(4). It is not error, however, for a judge to refuse to instruct the jury on the lesser-included offense unless the evidence could support a conviction on the lesser offense. *Commonwealth v. Wilds,* 240 Pa.Super. 278, 362 A.2d 273 (1976). The rationale for this rule has been stated as:

> [I]f the prosecution has not established beyond a reasonable doubt every element of the offense charged, and if no lesser offense instruction is offered, the jury must as a theoretical matter, return a verdict of acquittal. But the defendant is entitled to a lesser offense instruction—in this context or any other—precisely because he should not be exposed to the substantial risk that the jury's practice will diverge from theory. Where one of the elements of the offense charged remains in doubt, but the defendant is plainly guilty of some offense, the jury is likely to resolve its doubts in favor of conviction.

*Keeble v. United States,* 412 U.S. 205, 212–13, 93 S.Ct. 1993, 1997–98, 36 L.Ed.2d 844 (1973).

The crime of recklessly endangering another person is set forth at 18 Pa.C.S.A. 2705, which states: "A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." In *Commonwealth v. Trowbridge,* 261 Pa.Super. 109, 115, 395 A.2d 1337, 1340 (1978), this court set forth the elements: "[T]he crime requires (1) a *mens rea*—recklessness, (2) an *actus reus*—some 'conduct,' (3) causation—'which places,' and (4) the achievement of a particular result—'danger,' to another person of death or serious bodily injury."

At 18 Pa.C.S.A. § 302(b)(3), the term "recklessly" is defined:

> A person acts recklessly with respect to a material element of an offense *when he consciously disregards a*

*substantial and unjustifiable risk* that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation. (Emphasis added).

We do not dispute the jury's finding that the evidence was sufficient to prove that the appellant was guilty beyond a reasonable doubt of the crime of recklessly endangering another person.[2] The two questions which must be answered are (1) whether all of the essential elements of reckless driving are elements of recklessly endangering, and (2) whether the evidence presented would also sustain a conviction of reckless driving.

Reckless driving is defined at 75 Pa.C.S.A. § 3714, which states: "Any person who drives a vehicle in careless disregard for the safety of person or property is guilty of a summary offense." This offense has but two elements: an *actus reus*—driving a vehicle; and a *mens rea*—careless disregard. There is no causation or particular result required by the statute. We would conclude that reckless driving is a lesser included offense of recklessly endangering another person, under the circumstances of this case, because each of the elements of the former is included within the corresponding elements of the latter.

Reckless driving calls for a particular act to be performed—driving a vehicle. Recklessly endangering merely requires "conduct". Driving a vehicle is conduct; admittedly conduct pertaining to a particular instrumentality but conduct nevertheless. Thus, with respect to the *actus reus*, reckless driving is a lesser included offense of recklessly endangering.

The *mens rea* for reckless driving is "careless disregard" while this specific designation is not defined in our

2. The appellant raised sufficiency of the evidence as an alternative argument. We find no merit in that contention.

criminal statutes, this court has stated with respect to prior incarnation of the present statute, 75 P.S. § 481 [3]:

> The 1951 amendment redefined reckless driving by eliminating *wilful* or *wanton* conduct in the operation of a vehicle as an essential element of the offense. But in so doing it is clear that the legislature did not intend to increase a driver's responsibility for ordinary negligence by reclassifying mere negligence as reckless driving. What was contemplated in the language *'carelessly disregarding the rights or safety of others, or in a manner so as to endanger any person or property'* was to set the minimal requisite of the statutory offense of reckless driving *at less than wilful and wanton conduct on the one hand and, on the other, something more than ordinary negligence or the mere absence of care under the circumstances.*

*Commonwealth v. Forrey*, 172 Pa.Super. 65, 67, 92 A.2d 233, 234 (Emphasis added); *See also Commonwealth v. Schmitzer*, 286 Pa.Super. 138, 428 A.2d 610 (1981) (applying *Forrey* analysis to the present statute); *Commonwealth v. Podrasky*, 250 Pa.Super. 57, 378 A.2d 450 (1977) (applying *Forrey* analysis to corresponding provision in 1959 Motor Vehicle Code). Therefore, careless disregard is the equivalent of culpable negligence. *Commonwealth v. Podrasky, supra; Commonwealth v. Forrey, supra.*

The *mens rea* required for recklessly endangering is recklessness—described in 18 Pa.C.S.A. § 302(b)(3) as "conscious disregard" of a substantial and unjustifiable risk, whereas the *mens rea* for reckless driving is "careless disregard". We believe this distinction between "conscious" and "careless" connotes a definite difference in the intent requirement, with a lesser intent required to establish reckless driving. Therefore, with respect to *mens rea,* reckless driving is a lesser included offense of recklessly endangering.

Having met the first test—i.e. each of the essential elements of the lesser crime being included in the elements of

3. Act of August 24, 1951, P.L. 1368.

the greater—it must be determined whether the facts adduced at trial would support a conviction for reckless driving. We conclude, with little hesitation, that this is the case. The appellant drove his vehicle in a manner which caused it to come into contact with Ayres and his bicycle. This conduct did not result in any injury, but it could have. The act demonstrates in the very least a careless disregard for the safety of persons and property.

The lower court was of the opinion that the reckless driving instruction was not warranted because the evidence "unquestionably" established the greater *mens rea* required to convict on the more serious crime. This was improper as this determination is one within the province of the jury. The jury should not have been put in a position where it was required to choose between recklessly endangering and acquittal where the evidence showed some illegal conduct on the part of the appellant. Rather, it should have had before it the option of finding guilt on the lesser offense.

Consequently, we must vacate the judgment of sentence and remand the case for a new trial.

Vacated and Remanded. Jurisdiction is not retained.