551 A.2d 288

**COMMONWEALTH of Pennsylvania**

v.

**Steven CUNNINGHAM, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 27, 1988.

Filed Dec. 8, 1988.

Martin J. Cunningham, Jr., Norristown, for appellant.

Mary M. Killinger, Assistant District Attorney, Norristown, for Com., appellee.

Before CIRILLO, President Judge, and WIEAND and McEWEN, JJ.

CIRILLO, President Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Montgomery County, sentencing appellant Steven Cunningham to pay a fine of two hundred dollars and the costs of prosecution for the offense of driving while his license was suspended. We affirm.

Appellant Cunningham was initially charged with and found guilty of driving while under suspension (DUI relat-

ed),[1] at a summary trial before a district justice. He appealed this summary conviction to the Court of Common Pleas of Montgomery County; in a trial de novo, that court found him guilty of driving while under suspension.[2] In response to Cunningham's argument on post-trial motions that he had not been charged with the offense for which he was convicted, the court of common pleas stated that driving while under suspension was a lesser included offense of of driving while under suspension (DUI related). Therefore, according to the court, no amendment to the citation issued to Cunningham was necessary, and the conviction was proper. The trial court denied the post-trial motions, and Cunningham appealed to this court.

Cunningham argues on appeal that the function of the court of common pleas in hearing an appeal from a summary conviction is to find the defendant either guilty or not guilty. He also argues that the court did not have the authority to convict him for a violation of 75 Pa.C.S. § 1543(a), when he had been tried and found guilty of a violation of 75 Pa.C.S. § 1543(b) in summary proceedings. Lastly, he claims that in finding him guilty of that offense, the court of common pleas was in contravention of Pennsylvania Rule of Criminal Procedure 51.[3] We disagree with appellant's arguments, and affirm the judgment of sentence.

Cunningham's arguments seem to be based on the premise that in hearing an appeal from a summary judgment conviction, the court of common pleas may only determine whether or not a defendant is guilty *of the charges*

1. 75 Pa.C.S. § 1543(b).
2. 75 Pa.C.S. § 1543(a).
3. **Rule 51. Means of instituting proceedings in summary cases**
   Criminal proceedings in summary cases shall be instituted either by:
   (a) issuing a citation to the defendant; or
   (b) filing a citation; or
   (c) filing a complaint; or
   (d) arresting without a warrant when arrest is specifically authorized by law.
   Pa.R.Crim.P. 51.

*from which he appeals.* Cunningham argues that the trial court erred in finding him guilty of an offense not included in the citation. He points out that the Pennsylvania Rules of Criminal Procedure provide ample opportunity to the arresting officer or district justice to amend the citation, *see* Pa.R.Crim.P. 90, and that this was not done in his case.

It is true that on an appeal from a judgment rendered in summary conviction proceedings, the court of common pleas cannot enter a judgment which affirms the judgment of the district justice, or which dismisses or sustains the appeal. *Commonwealth v. Gula,* 300 Pa.Super. 445, 446, 446 A.2d 938, 939 (1982); *Commonwealth v. Gamarino,* 299 Pa.Super. 144, 145, 445 A.2d 189, 190 (1982). Rather, the court of common pleas must hear the case de novo, and render a verdict of guilty or not guilty: " 'It is the duty of the court to try the case de novo, to hear the evidence and arguments of counsel, to find the facts and thereupon to enter such judgment as would be warranted under the law and evidence.' " *Gamarino,* 299 Pa.Super. at 145, 445 A.2d at 190 (quoting *Commonwealth v. Miller,* 173 Pa.Super. 168, 170, 96 A.2d 153, 154 (1953)). It does not follow from this, however, that the court of common pleas erred in finding Cunningham guilty of an offense different from the offense initially charged.

█ It is well settled that a defendant may be convicted of a lesser included offense even if that lesser offense was not charged in the original indictment:

> Whether a conviction for a less culpable or less serious offense may lie on an indictment for another more serious or more culpable crime is principally a question of whether the indictment will fairly put the defendant on notice of the charges against him so that he may prepare an adequate defense.

*Commonwealth v. Stots,* 227 Pa.Super. 279, 281 n. 3, 324 A.2d 480, 481 n. 3 (1974); *see also Commonwealth v. Melnyczenko,* 238 Pa.Super. 203, 207, 358 A.2d 98, 100 (1976); *Commonwealth v. King,* 238 Pa.Super. 190, 193, 357 A.2d 556, 557 (1976). The test to determine whether an

offense constitutes a lesser included offense is whether the greater offense necessarily includes the lesser. Simply put, we must determine whether the elements of violation A, the lesser, are included in violation B, the greater. *Commonwealth v. Pemberth,* 339 Pa.Super. 428, 429, 489 A.2d 235, 236 (1985). The defendant has then been put on notice of the charges against him. *See Commonwealth v. Gouse,* 287 Pa.Super. 120, 126, 429 A.2d 1129, 1132 (1981) (defendant is on notice if he/she is explicitly charged with a crime, or the crime is a lesser included offense of a crime with which he/she is charged).

Here, Cunningham was originally charged with driving while under suspension (DUI related). That offense is defined as follows:

§ 1543. **Driving while operating privilege is suspended or revoked**

(a) **Offense defined.**—Except as defined in subsection (b), any person who drives a motor vehicle on any highway or trafficway of this Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege, and before the operating privilege has been restored is guilty of a summary offense, and shall, upon conviction, be sentenced to pay a fine of $200.

75 Pa.C.S. § 1543(a). In order to obtain a conviction under this subsection, the Commonwealth must prove that: (1) the accused was driving a motor vehicle on a highway or trafficway; (2) that his/her license had been suspended; and (3) that he/she had actual notice of that suspension. *See Commonwealth v. Kane,* 460 Pa. 582, 585–86, 333 A.2d 925, 926 (1975) (actual notice required to prove offense under successor statute to 75 Pa.C.S. § 1543); *Commonwealth v. Burkett,* 300 Pa.Super. 72, 75, 445 A.2d 1304, 1305 (1982) (evidence of actual notice produced sufficient for conviction under section 1543(a)).

Subsection (b) of section 1543 is defined as the more culpable offense, carrying a penalty of a fine of one thou-

sand dollars, and a ninety day prison term. The elements of that offense include those of subsection (a):

**(b) Certain offenses.**—*Any person who drives a motor vehicle on any highway or trafficway of this Commonwealth at a time when their operating privilege is suspended or revoked* as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of 3731 (relating to driving under the influence of alcohol or controlled substance) or because of a violation of section 1547(b)(1) (relating to suspension for refusal) or 3731 shall, upon conviction, be guilty of a summary offense. . . .

75 Pa.C.S. § 1543(b) (emphasis added). In order to obtain a conviction under section 1543(b), the same three elements as are involved in subsection (a) must be proven: that the accused was driving, that his/her license was suspended, and that he/she had notice of that suspension. *See Commonwealth v. Kane*, 460 Pa. at 585–86, 333 A.2d at 926 (actual notice required to prove offense under successor statute to 75 Pa.C.S. § 1543); *Commonwealth v. Gray*, 356 Pa.Super. 299, 301–02, 514 A.2d 621, 622 (1986) (evidence of actual notice produced sufficient for conviction under section 1543(b)). An additional element is required here: proof that the suspension was DUI related as outlined in section 1543(b).

The examination of both offenses makes it clear that the offense outlined in section 1543(a) is a lesser included offense of 1543(b). Therefore, Cunningham was on notice that he could be convicted on the lesser included offense. The court of common pleas properly performed its function in hearing the case de novo, and in finding the appellant guilty of a lesser included offense of the .violation charged under the law and the evidence presented at trial. Cunningham's contention that the court of common pleas violated rule 51 of the Pennsylvania Rules of Criminal Procedure is therefore also without merit.

JUDGMENT OF SENTENCE AFFIRMED.