645 A.2d 250

**COMMONWEALTH of Pennsylvania**

v.

**David CATHEY, Appellant.**

Superior Court of Pennsylvania.

Submitted April 27, 1994.

Filed July 14, 1994.

Daniel J. Brabender, Jr., Erie, for appellant.

Marshall Piccinini, Asst. Dist. Atty., Erie, for Com., appellee.

Before ROWLEY, President Judge, and CIRILLO and OLSZEWSKI, JJ.

CIRILLO, Judge.

This is an appeal from a judgment of sentence entered in the Court of Common Pleas of Erie County. We affirm.

■ While operating his motor vehicle in the westbound lane of Route 20, appellant David Cathey fell asleep, crossed over into the eastbound lane, and struck another vehicle operated by Joseph Sirak. Officer James Carson of the Fairview Borough Police questioned Cathey concerning the incident. Cathey told Officer Carson that he had two jobs. He arrived home from one job between midnight and 1:00 a.m., decided to stay awake throughout the night, and then proceeded to drive to his second job at 6:30 a.m. The accident occurred at 7:00 p.m. that evening, while Cathey was returning home from his second job. As a result of the accident, Officer Carson charged Cathey with reckless driving. Following a summary trial, Judge Stephanie Domitrovich acquitted

Cathey of the charge of reckless driving, but found him guilty of the "lesser included offense of careless driving." This appeal followed. Cathey raises the following two issues:

1. Whether the trial court erred in convicting the appellant of careless driving when the facts merely show that the appellant fell asleep at the wheel, causing an accident?

2. Whether the trial court erred in convicting the appellant of careless driving as a lesser included offense of reckless driving?

"Any person who drives a vehicle in careless disregard for the safety of persons or property is guilty of careless driving, a summary offense." 75 Pa.C.S. § 3714. The language "careless disregard," as used in this statute, set the level of culpability of the statutory offense at less than willful and wanton conduct, but more than ordinary negligence or the mere absence of care under the circumstances. *See Commonwealth v. Podrasky,* 250 Pa.Super. 57, 378 A.2d 450 (1977).

Cathey first contends that driving while asleep is conduct which merely equates to ordinary negligence and, thus, does not meet the "careless disregard" standard under 75 Pa.C.S. § 3714. We disagree.

While Cathey correctly notes that *Commonwealth v. Bloom,* 15 Pa.D. & C.3d 221 (1980) supports his contention, *Bloom* is not binding upon this court. Furthermore, in examining the *Bloom* court's decision, we find its application of relevant Pennsylvania law misplaced.

The learned judge in *Bloom* interpreted *Bernosky v. Greff,* 350 Pa. 59, 38 A.2d 35 (1944) as standing for the principle that driving while asleep equates to conduct manifesting *only* an "absence of ordinary care." A closer examination of the *Greff* decision does not support this interpretation.

In *Greff,* the plaintiff/passenger had brought suit against the defendant/driver for injuries sustained when the automobile in which they were traveling left the highway and collided with a pole. Upon review, the only issue before our Supreme Court was whether the fact that the driver had fallen asleep immediately prior to the accident was, in itself, proof of ordinary

negligence, i.e., "absence of ordinary care," necessary to sustain the plaintiff's tort claim. As such, the *Greff* court did not decide whether the driver's actions rose to conduct constituting "careless disregard."

Thus, when the *Greff* court found that driving while asleep was enough, in itself, to constitute an "absence of ordinary care," the court cannot be said to have further found that such conduct constituted *only* "absence of ordinary care" and nothing beyond. Failing to perceive this critical subtlety is where the *Bloom* court's analysis of *Greff* falls short.

Further, language contained within the *Greff* decision suggests that driving while asleep is, indeed, conduct which goes beyond mere ordinary negligence. In quoting the Massachusetts case of *Blood v. Adams*, 269 Mass. 480, 169 N.E. 412, 413 (1929), our Supreme court wrote:

> Voluntarily to drive on a public street at any time of day or night with eyes closed, or to yield to sleep while operating such kind of dangerous machine as an automobile on a public highway, is to be guilty of a degree of negligence exceeding lack of ordinary care, and is a manifestation of recklessness which may be found by judge or jury to be gross negligence within any reasonable definition of that phrase.

350 Pa. at 60, 38 A.2d at 36.

Finally, the case of *Commonwealth v. Fisher*, 184 Pa.Super. 75, 132 A.2d 739 (1957) is helpful in our inquiry. In *Fisher*, the driver had fallen asleep and did not awake until after his vehicle had left the highway and knocked down several guard posts and guard rails. Consequently, he was charged with reckless driving under the Vehicle Code.[1]

---

1. Reckless driving, as discussed in *Fisher*, was essentially the same offense as careless driving under current 75 Pa.C.S. § 3714. Section 1001(a) of The Vehicle Code, as amended by the Act of August 24, 1951, P.L. 1368, § 28, 75 P.S. § 481, read as follows: "Reckless driving is unlawful, and for the purpose of this act, is construed to include the following: (a) Any person who drove any vehicle or street car or trackless trolley omnibus upon a highway carelessly disregarding the rights or safety of others, or in a manner so as to endanger any person or property."

In holding that driving while asleep constituted "careless disregard" under the Vehicle Code, we stated that "[i]t is impossible to conceive how anyone operating a motor vehicle on a public highway while asleep, and thus incapacitated to drive, could be anything less than a menace to other users of the highway and guilty of reckless driving as defined by the Code." *Id.* at 82, 132 A.2d at 743.

Today we reaffirm this reasoning. It is impossible to fathom how one who falls asleep while operating an automobile, thus blindly propelling thousands of pounds of steel and glass at tens of miles per hour, cannot be guilty of a degree of negligence beyond mere "absence of ordinary care."

As our Supreme Court stated in *Greff, supra:*

In a normal human being sleep does not come without warning. Before sleep there is drowsiness and before drowsiness there is usually great fatigue or at least a desire to sleep. Human affairs would be in a precarious state if locomotive engineers, aviators, chauffeurs, motormen and others in charge of machinery in motion were liable to "fall asleep" at any time without first becoming consciously aware of sleep's approach and taking immediate steps to bring to a stop the mechanism under their control or placing it in the hands of one who is completely awake and alert. The Creator wisely provided that sleep does not come upon human beings unannounced.

*Id.* at 60–1, 38 A.2d at 36.

In light of the above, we find that falling asleep while operating an automobile, in itself, clearly manifests a "careless disregard for the safety of persons or property" under 75 Pa.C.S. § 3714. Consequently, we find that Cathey's first issue is meritless.

■ Cathey next argues that the trial court improperly found him guilty of an offense for which he was not charged. Cathey was originally charged with reckless driving. 75 Pa. C.S. § 3736. The court acquitted him of this charge, but concluded that he was guilty of the lesser included offense of careless driving. 75 Pa.C.S. § 3714. Cathey now contends

that the law does not authorize conviction for a lesser included offense if the greater offense (here, reckless driving) is a summary offense. We disagree.

In *Commonwealth v. Cunningham*, 380 Pa.Super. 177, 551 A.2d 288 (1988), the defendant was charged with driving while under suspension (DUI related). *See* 75 Pa.C.S. § 1543(b). In a trial *de novo*, the court found Cunningham was guilty of the lesser included offense of driving while under suspension. 75 Pa.C.S. § 1543(a).

On appeal, Cunningham argued that the trial court did not have the authority to convict him of the lesser included offense of driving while under suspension, 75 Pa.C.S. § 1543(a), when he had been tried and found not guilty of a violation of 75 Pa.C.S. § 1543(b) in summary proceedings. *Cunningham*, 380 Pa.Super. at 179, 551 A.2d at 289. We stated:

It is well settled that a defendant may be convicted of a lesser included offense even if that lesser offense was not charged in the original indictment:

Whether a conviction for a less culpable or less serious offense may lie on an indictment for another more serious or more culpable crime is principally a question of whether the indictment will fairly put the defendant on notice of the charges against him so that he may prepare an adequate defense.

*Id.* at 180, 551 A.2d at 289 (quoting *Commonwealth v. Stots*, 227 Pa.Super. 279, 281 n. 3, 324 A.2d 480, 481 n. 3 (1973)). Essentially, if the elements of the lesser offense are included in the elements of the greater offense, "[t]he defendant has then been put on notice of the charges against him." *Cunningham*, 380 Pa.Super. at 181, 551 A.2d at 290.

Under the greater offense, reckless driving, it must be proven that: the defendant was driving, and that he was driving in "willful or wanton" disregard of the safety of persons or property. 75 Pa.C.S. § 3736. Under the lesser offense for which Cathey was convicted, careless driving, it must be proven that: the defendant was driving, and that he

was driving in "careless" disregard of the safety of persons or property. 75 Pa.C.S. § 3714.

Each statute contains only the elements of the *actus reus* and the *mens rea*. Since the *actus reus* of driving a vehicle is identical for both statutes, our sole inquiry remains whether the *mens rea* of "careless" disregard, required under 75 Pa.C.S. § 3714, is included in the *mens rea* of "willful or wanton" disregard required under 75 Pa.C.S. § 3736. We believe that it is.

In *Commonwealth v. Wood,* 327 Pa.Super. 351, 475 A.2d 834 (1984), we were asked to determine whether reckless driving[2] was a lesser included offense of recklessly endangering.[3] In finding in the affirmative, we stated:

> The *mens rea* required for recklessly endangering is recklessness—described in 18 Pa.C.S.A. § 302(b)(3) as "conscious disregard" of a substantial and unjustifiable risk, whereas the *mens rea* for reckless driving is "careless disregard." We believe this distinction between "conscious" and "careless" connotes a definite difference in the intent requirement, with a lesser intent required to establish reckless driving. Therefore, with respect to *mens rea*, reckless driving is a lesser included offense of recklessly endangering.

327 Pa.Super. at 356, 475 A.2d at 836.

With respect to *mens rea* for determining lesser included offenses, *Wood* is on point for our current inquiry. In *Wood,* we found that the *mens rea* of "careless disregard" was necessarily included in the *mens rea* of "conscious disregard." As we now find that the "conscious disregard" *mens rea,* as in *Wood,* is synonymous with the "willful or wanton disregard"

2. The reckless driving statute examined in *Wood* has become the current careless driving statute. 75 Pa.C.S. § 3714, *as amended* 1990, May 30, P.L. 173, No. 42, § 13, effective November 1, 1990 (leaving the definition of the offense identical while merely changing the title of the offense from reckless driving to careless driving).

3. Section 2705 of the Crimes Code provides: "A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S. § 2705.

*mens rea* currently required under 75 Pa.C.S. § 3736, it follows that the *mens rea* of "careless disregard" required under 75 Pa.C.S. § 3714 must necessarily be included under the *mens rea* of "willful or wanton disregard" required under 75 Pa.C.S. § 3736.

As such, each element of 75 Pa.C.S. § 3714 is necessarily included in the elements of 75 PA.C.S. § 3736, thus rendering the former statute a lesser included offense of the latter. We conclude, therefore, that when Cathey was charged with reckless driving he was on notice that he could be convicted of the lesser included offense of careless driving. *Cunningham, supra.* Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.