J-S40019-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RASHAN M. GRIFFIN | : | |
| | : | |
| Appellant | : | No. 2396 EDA 2023 |

Appeal from the Judgment of Sentence Entered August 18, 2023
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0001296-2022

BEFORE: STABILE, J., McLAUGHLIN, J., and LANE, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED APRIL 15, 2025**

Rashan M. Griffin appeals from the judgment of sentence entered following his conviction for careless driving. 75 Pa.C.S.A. § 3714(a). He argues the evidence was insufficient and the court imposed a fine exceeding the lawful maximum. We reject the sufficiency challenge but remand for the correction of the fine imposed.

At Griffin's bench trial, Pennsylvania State Trooper Matthew Treible testified that he and his partner responded to a single-vehicle crash that occurred just before 2:00 a.m. on January 18, 2022. N.T., 8/18/23, at 13-14. They arrived within 15 minutes of receiving the call and found a car on the side of Route 322 eastbound, approaching the Commodore Barry Bridge. *Id.* at 13-14. The car was beyond the shoulder and guide rail, on a rocky median and the edge of a steep hill. *Id.* at 14. The car was heavily damaged and had been on fire. *Id.* at 14, 31.

Trooper Treible testified that the stretch of highway leading to the accident was straight. *Id.* at 37. There were no skid marks on the road that would indicate the driver of the car had attempted braking or performing an evasive maneuver. *Id.* at 37, 39.

Trooper Treible testified the night was cold but dry. *Id.* at 21, 28. He stated he did not see any ice on the road. *Id.* at 15, 40. The roadway was also slanted, to prevent the formation of black ice. *Id.* at 21. However, Trooper Treible conceded it is possible black ice was in the area and that he had not seen it. *Id.* at 29. The trooper testified that if there had been black ice, it would have prevented skid marks "so long as that black ice [led] all the way up to the crash." *Id.* at 40.

At the bottom of the embankment, Trooper Treible encountered Griffin, the driver of the car. *Id.* at 15-16. Griffin's speech was slow, low, and mumbled. *Id.* at 16, 38. Griffin's eyes were red and his breath smelled faintly of alcohol. *Id.* at 16-17, 38. Griffin was stumbling, uncoordinated, and sluggish. *Id.* at 17. Trooper Treible gave Griffin a breath test, which detected .008 percent alcohol, which the trooper agreed was a "very minute amount." *Id.* at 34, 36. He had Griffin return to where he had veered off the road and gave him several field sobriety tests. *Id.* at 20-25. The trooper observed multiple indicators of impairment. *Id.* Video footage of the tests was admitted at trial. *Id.* at 17-18. There were no drugs recovered from the car, but Trooper Treible testified the car was "essentially burnt." *Id.* at 35.

In defense, Griffin presented the expert testimony of a medical toxicologist. He testified that he could not determine whether Griffin had been impaired based on the evidence, including his review of the video footage. *Id.* at 42-86, 82.

Griffin also testified. He stated that he had used medicated oral gel prior to the accident, for dental problems. *Id.* at 89-90. He further testified that his clothing had gotten wet before he performed the field sobriety tests, when he went into his car to retrieve his personal information. *Id.* at 90-91. Griffin was not asked how the accident occurred.

The court found Griffin not guilty of driving under the influence ("DUI"), disregarding traffic lanes, and failure to carry registration. *See* 75 Pa.C.S.A. §§ 3802(d)(3), 3309, and 1311, respectively. The court convicted Griffin of careless driving, a summary offense. The court sentenced him to a fine of $300.

Griffin raises the following issues:

I)   Whether the evidence is insufficient to sustain the careless driving conviction since the prosecution at trial failed to prove beyond a reasonable doubt that Mr. Griffin drove a vehicle in careless disregard for the safety of persons or property?

II)  Whether the $300 careless driving fine imposed upon Mr. Griffin is illegal because it exceeds the applicable $25 statutory amount?

Griffin's Br. at 5.

Griffin first challenges the sufficiency of the evidence. He asserts the statute requires proof that he drove with a careless disregard for the safety of

persons or property, which is a *mens rea* exceeding ordinary negligence. *Id.* at 10 (citing *Commonwealth v. Cathey*, 645 A.2d 250 (Pa.Super. 1994)), 12. He argues that because the Commonwealth did not present any witnesses to explain to how the accident occurred, it did not prove that he drove carelessly. He argues his conviction is based entirely on his "involvement in an automobile accident in the darkness of a cold winter night — on an inclined roadway, possibly covered in black ice." *Id.* at 11. He argues, "It is just as plausible (if not more likely) that weather conditions, an animal, another motorist, or other circumstances beyond his control caused the accident." *Id.* at 8.

Griffin cites *Commonwealth. v. Gezovich*, 7 A.3d 300, 302 (Pa.Super. 2010), for the proposition that the occurrence of a car accident does not prove negligence. He claims that in *Gezovich*, this Court held there was insufficient evidence to prove carelessness because the Commonwealth presented only the testimony of the trooper who responded to the scene, who did not know why the defendant had rear-ended the car in front of her. He also cites *Commonwealth v. Bullick*, 830 A.2d 998 (Pa.Super. 2003). He claims that there, this Court found insufficient evidence of reckless driving where there was no explanation for how the one-vehicle accident had occurred and the conviction was based only on skid marks leading to the damaged vehicle and an assumption that the defendant had been intoxicated.

We begin with our standard of review.

When reviewing a challenge to the sufficiency of the evidence, we must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail. This standard applies equally where the Commonwealth's evidence is circumstantial. In conducting this analysis, we may not substitute our judgment for that of the factfinder. Additionally, the Commonwealth's evidence need not preclude every possibility of innocence. The factfinder is free to believe all, part, or none of the evidence.

***Commonwealth v. Griffith***, 305 A.3d 573, 576-77 (Pa.Super. 2023) (cleaned up*), appeal denied*, 319 A.3d 503 (Pa. 2024).

The offense of careless driving occurs when a person "drives a vehicle in careless disregard for the safety of persons or property[.]" 75 Pa.C.S.A. § 3714(a). "The *mens rea* requirement applicable to Section 3714, careless disregard, implies less than willful or wanton conduct but more than ordinary negligence or the mere absence of care under the circumstances." ***Commonwealth v. Sanders***, 259 A.3d 524, 529 (Pa.Super. 2021) (*en banc*) (quoting ***Gezovich***, 7 A.3d at 301).

Here, the trial court found the evidence sufficient. It based its conclusion on "the nature of the accident, the straight path of the roadway, the vehicle['s] resting place in a ditch, [and] the lack of evidence of ice, traffic[,] or any other intervening factor[.]" Trial Court Opinion, filed 6/12/24, at 2. We agree that the evidence here was sufficient to prove beyond a reasonable doubt that Griffin deviated from a reasonable standard of care while driving to such an extent that he drove with careless disregard.

- 5 -

Griffin's car, on a clear night and on a straight road, crossed the shoulder, crashed through the guide rail, went down a rocky hillside, sustained heavy damage, and caught on fire. Trooper Treible testified that Griffin's path of travel showed no signs that Griffin had attempted to steer around an obstacle. He said he arrived at the scene of the accident within 15 minutes and that there was no ice on the road, which was graded to avoid the formation of ice, and that there were no skid marks such as would have been present if Griffin had attempted to brake or swerve due to a sudden emergency. The evidence was sufficient to prove that Griffin was driving with careless disregard.

Neither *Gezovich* nor *Bullick* compel a different result. In *Gezovich*, the defendant was involved in a two-vehicle accident wherein she rear-ended the car in front of her. The defendant testified that she saw the vehicle in front of her "too late" and struck it despite an attempt to brake. *Gezovich*, 7 A.3d at 301. We opined the Commonwealth had failed to prove the defendant had acted with careless disregard because the driver of the other vehicle "may have improperly left its lane of travel and pulled in front of [the defendant] without leaving her sufficient room to stop" or "may have abruptly stopped without warning." *Id.* at 302. Here, in contrast, there was evidence that Griffin did not attempt to brake or swerve, as he would have done if something else caused the accident, such as an obstacle in the road.

In *Bullick*, the defendant was involved in a one-vehicle accident and acquitted of DUI but was convicted of reckless driving, which requires a *mens*

*rea* of "willful or wanton disregard for the safety of persons or property." 830 A.2d at 1000-01, 1003. This Court rejected the Commonwealth's argument that the mere existence of skid marks leading off the roadway to the damaged vehicle was sufficient to establish the *mens rea.* We noted the Commonwealth failed to establish the rate of speed that would have caused such skid marks. *Id.* at 1004-5. We acknowledged that the skid marks may have been sufficient to prove that the defendant had been driving too fast, but concluded that this was inadequate to prove "willful or wanton disregard." *Id.* at 1002, 1005.

*Bullick* has no application here. We did not consider in that case whether evidence of skid marks preceding an off-road, single-vehicle accident would have been sufficient to establish the *mens rea* applicable here, careless disregard.[1]

_____

[1] The dissent argues the evidence was insufficient to prove Griffin drove with careless disregard because, according to the dissent, "[t]here was no evidence as to how this accident occurred, no statements by [Griffin] or anyone else as to how the accident occurred, whether there were any factors that may have caused [Griffin] to veer off the highway, or any other proof to explain this accident." Dissenting Mem. at 2. The dissent continues, "One can only imagine any number of scenarios that could cause a vehicle to leave the highway that are not the result of careless driving." *Id.* In the dissent's view, we have impermissibly shifted the burden of proof to Griffin to evince the cause of the accident, other than his careless driving. *Id.* at 4.

We emphasize that the Commonwealth may prove the *mens rea* through wholly circumstantial evidence, and the evidence need not preclude every possibility of innocence to survive a sufficiency challenge. *Griffith*, 305 A.3d at 576-77. Here, the Commonwealth presented circumstantial evidence of the *mens rea*, including that there were no skid marks such as the trooper would have expected if a sudden obstacle or emergency had caused the accident. There was also testimony that the weather was dry, the roadway was graded

*(Footnote Continued Next Page)*

Griffin's second issue challenges the court's imposition of a $300 fine. The Commonwealth agrees the fine was improper.

This issue implicates statutory construction, which presents a question of law. **Commonwealth v. Lutz-Morrison**, 143 A.3d 891, 894 (Pa. 2016). "[T]hus our review is plenary and non-deferential." **Id.**

Careless driving is a summary offense under Title 75, the Vehicle Code. **See** 75 Pa.C.S.A. §§ 101, 3714. The Vehicle Code provides that those convicted of summary offenses under the Vehicle Code "for which another penalty is not provided shall be sentenced to pay a fine of $25." **Id.** at § 6502(a). It also specifies that the fines the Crimes Code provides for summary offenses are inapplicable to summary offenses under the Vehicle Code. **Id.** at § 6502(c); **compare id.** at § 6502(a) **with** 18 Pa.C.S.A. § 1101(7) (providing court may impose fine up to $300 for summary offense under Crimes Code for which no higher fine is established).

The careless driving statute does not specify a penalty, unless unintentional death or serious bodily injury is involved. **See** 75 Pa.C.S.A § 3714(b), (c). As there was no death or serious bodily injury here, the $25 fine prescribed in Section 6502(a) applies. **See Commonwealth v. Hurst**, 532 A.2d 865, 869-70 (Pa.Super. 1987) (reaching same conclusion under prior

_____

to prevent the formation of black ice, and there was no ice on the roadway. This was sufficient circumstantial evidence.

statute[2]). We therefore vacate the $300 fine and remand for resentencing in accordance with the above.

Judgment of sentence vacated in part. Case remanded for resentencing. Jurisdiction relinquished.

Judge Lane joins the memorandum.

Judge Stabile files a dissenting memorandum.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/15/2025

---

[2] At the time **Hurst** was decided, the offense of careless driving was titled "reckless driving" and codified at 75 Pa.C.S.A. § 1001. The offense was renamed "careless driving" in 1990 and moved to Section 3714, and reckless driving was codified as a separate offense under Section 3736. **See Bullick**, 830 A.2d at 1001.