J-S12041-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PETER FRAZIER | : | |
| | : | |
| Appellant | : | No. 1864 EDA 2021 |

Appeal from the Judgment of Sentence Entered August 2, 2021
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0000422-2020

BEFORE: BENDER, P.J.E., BOWES, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.: **FILED JULY 15, 2022**

Appellant, Peter Frazier, appeals from the Judgment of Sentence imposed following his summary conviction of one count of Careless Driving, 75 Pa.C.S. § 3714(a), charged when, *inter alia*, he failed to yield to police emergency vehicles while riding his bicycle. We affirm.

We glean the underlying facts from the trial court's Pa.R.A.P. 1925(a) opinion. On November 9, 2019, two police cars responded as back-up to a burglary in progress. They turned onto Third Street with their emergency lights flashing. The police officers in both cars observed Appellant riding his bicycle on Third Street. As the officer in the second police car drove down Third Street, the police officer turned off his emergency lights. Appellant then pulled his bicycle to the right to allow the first police car to pass him. However, after it passed, Appellant yelled obscenities at the first police car. Appellant, without looking, then pulled back into the middle of the lane of traffic, almost

colliding with the second police car. As a result, the second officer had to brake abruptly to avoid hitting Appellant.

Having observed in his rearview mirror that Appellant cut in front of the second police vehicle, the first police vehicle pulled over at the next intersection to stop Appellant. Appellant continued to yell obscenities at the first officer prompting the second officer to pull over to investigate. Appellant continued to shout derogatory comments and obscenities and the officers arrested him. The dash cameras in the police vehicles recorded the entire incident.

The Commonwealth charged Appellant with four offenses: Disorderly Conduct-Creates Hazardous Condition, Disorderly Conduct-Engages in Fighting or Threatening Behavior, Careless Driving, and Failure to Keep Right.[1] A jury found Appellant not guilty of the Disorderly Conduct charges; the court found Appellant not guilty of Failure to Keep Right but guilty of Careless Driving. On August 2, 2021, the court ordered Appellant to pay a fine of $25.00 plus costs and fees. Appellant did not file a post-sentence motion.

Appellant appealed. Both Appellant and the court complied with Pa.R.A.P. 1925.

Appellant raises the following issue for our review:

Did the trial [c]ourt commit reversible error when it found Appellant [] guilty of Careless [D]riving?

---

[1] 18 Pa. C.S. §§ 5503(a)(4) and 5503(a)(1); 75 Pa.C.S. §§ 3714(a), 3301(a), respectively.

- 2 -

Appellant's Br. at 2.

Appellant challenges the sufficiency of the evidence when he argues that he did "not meet the *mens rea* requirement for careless driving." ***Id***. at 14. He contends that, "at most, he was simply ordinarily negligent in failing to notice the second police vehicle behind him and did not exercise a high level of care when he chose to rely on his statutory right of way to return to the middle of the travel lane." ***Id***.[2]

"A claim challenging the sufficiency of the evidence is a question of law." ***Commonwealth v. Widmer***, 560 Pa. 308, 319, 744 A.2d 745, 751 (2000). Our Supreme Court has set forth the well settled standard of review for a sufficiency of the evidence claim:

> Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable

---

[2] In his Pa.R.A.P. 1925(b) statement, Appellant included a challenge to the weight of the evidence and, for the first time, a claim that he was simply enjoying his statutory right of way to which any vehicle operator is entitled. Appellant has not developed a weight claim in his brief and we, thus, deem that issue abandoned. ***See Commonwealth v. Dunphy***, 20 A.3d 1215, 1218-19 (Pa. Super. 2011) (stating that issues raised in Pa.R.A.P. 1925(b) statement that are not included in appellate brief are abandoned.). In addition, because Appellant's right-of-way claim was raised for the first time on appeal, it is waived. Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). ***See also*** Trial Ct. Op., 12/13/21, at 4 (noting that Appellant did not file a post-sentence motion so the court could address his "bald statement" that he "enjoyed the right of way at the time he moved from the right most portion of his lane into the oncoming traffic.").

doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Id.* at 751 (internal citations omitted).

"In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder." ***Commonwealth v. Gezovich***, 7 A.3d 300, 301 (Pa. Super. 2010) (citation omitted).

The summary offense of careless driving is defined as follows: "Any person who drives a vehicle in careless disregard for the safety of persons or property is guilty of careless driving, a summary offense." 75 Pa.C.S. § 3714. "The *mens rea* requirement applicable to § 3714, careless disregard, implies less than willful or wanton conduct but more than ordinary negligence or the mere absence of care under the circumstances." ***Gezovich***, ***supra*** at 301 (citations and internal quotation marks omitted).

In addressing Appellant's sufficiency challenge, the trial court described the incident as it appeared on the dash cam video, observing that Appellant pulled over to the right and began yelling at the first officer's cruiser as it passed him "and at the same time, unexpectantly and without any warning to [the second officer], veered directly into [the second officer's] lane of travel[.]" Trial Ct. Op., 12/13/21, at 3. The trial court stated "it was evident that [Appellant] did not realize that there were two [] police cruisers, one after

the other[,] responding to the emergency. It was further evident that [Appellant] cut in front of [the second police] vehicle, without looking or making any attempt to warn [the officer] that he was suddenly moving into the middle of [the officer's] lane of travel[.]" *Id*. at 3-4. The trial court further opined:

> Based [on the second officer's] testimony and the corroborating dash cam video, we believe[ Appellant's] dangerous operation of his bicycle under the circumstances presented, constituted careless driving, especially considering both vehicles had their emergency lights in operation [just as they turned onto Third Street where Appellant was riding] and it was clear that anyone riding or walking in the street needed to act cautiously for his or her own safety, the safety of any traffic coming in either direction, and the responding officers. [Appellant] failed to operate his vehicle in response to the emergency conditions, potentially risking a serious accident if it were not for [the second officer's] careful attention to the operation of his cruiser.

*Id.* at 3-4.

We agree with the trial court's reasoning. Viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, the evidence established that Appellant's conduct in operating his bicycle reflected "more than ordinary negligence." *Gezovich*, *supra* at 301. As the trial court observed, the police vehicles turned onto Third Street with their emergency lights activated, thus alerting all vehicles travelling on the road of an emergency situation requiring heightened awareness and care. After the first police vehicle passed Appellant with its emergency lights still activated, Appellant pulled back into the lane of traffic without looking or signaling. Under the circumstances, this conduct was not simply ordinary negligence; it

was careless and evidenced a disregard for the safety of not only himself but also others travelling on the road.

Based on our review, we conclude that the Commonwealth presented sufficient evidence to support the elements of the careless driving statute. Accordingly, we affirm Appellant's Judgment of Sentence.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/15/2022