**COMMONWEALTH of Pennsylvania,
Appellee**

v.

**Nancy GEZOVICH, Appellant.**

Superior Court of Pennsylvania.

Argued March 10, 2010.

Filed Oct. 15, 2010.

Glenn G. Gezovich, Pittsburgh, for appellant.

Jerome A. Moschetta, Asst. Dist. Atty., for Com., appellee.

BEFORE: BENDER, BOWES, and COLVILLE *, JJ.

OPINION BY BOWES, J.:

Nancy Gezovich appeals from the judgment of sentence of fines and costs that was imposed after she was convicted of the summary offense of careless driving. As we conclude that the evidence was insufficient to sustain her conviction, we vacate the sentence and discharge Appellant.

* Retired Senior Judge assigned to the Superior Court.

After being convicted of careless driving before a magisterial district justice, Appellant filed an appeal. Her trial *de novo* was conducted on March 26, 2009, where the only witness was Pennsylvania State Trooper Charles A. Miller. Officer Miller did not view the August 15, 2008 traffic accident that led to the filing of the present charge, but was called to the scene, which was located on State Route 88 at Finley Middle School in Washington, Pennsylvania. When Officer Miller arrived, he viewed two vehicles, both of which had been moved from the point of impact to the side of the road. He observed debris on the roadway. Trooper Miller spoke with Appellant, who had been transported to the hospital. Appellant stated that she saw "the vehicle she struck, in front of her too late. She slammed on the brakes but struck it anyway." N.T. Trial, 3/26/09, at 7. When asked if Appellant indicated what the car that she struck was doing, Officer Miller responded, "She just said that she saw it too late. She slammed on the brakes, but she hit it anyway." *Id.* at 8. No other evidence or witness was presented.

Following the close of the Commonwealth's evidence, Appellant demurred and argued that the evidence failed to establish the *mens rea* of careless driving. *Id.* at 10. Her position was that the Commonwealth's evidence solely established that an accident occurred, which was insufficient even to establish "slight tort negligence," a lesser standard than that applicable to careless driving. *Id.* She provided case authority to the trial court for consideration.

■ The trial court, which was under the belief that there was no *mens rea* requirement for careless driving, took the matter under advisement, and on April 1,

2009, convicted Appellant of careless driving and imposed a fine of twenty-five dollars plus costs. This appeal followed. Appellant raises a variety of challenges on appeal, but also repeats her position that the evidence was insufficient to support a finding that she possessed the *mens rea* necessary for careless driving. As we find meritorious her position that the evidence was insufficient to sustain her conviction, we conclude that she is entitled to be discharged and need not address her remaining claims.

■ "The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder." *Commonwealth v. Abed*, 989 A.2d 23, 26 (Pa.Super.2010) (quoting *Commonwealth v. Hutchinson*, 947 A.2d 800, 805–06 (Pa.Super.2008)). The summary offense of careless driving is defined as follows: "Any person who drives a vehicle in careless disregard for the safety of persons or property is guilty of careless driving, a summary offense." 75 Pa.C.S. § 3714. The *mens rea* requirement applicable to § 3714, careless disregard, "implies 'less than willful or wanton conduct but more than ordinary negligence or the mere absence of care under the circumstances.'" *Matter of Huff*, 399 Pa.Super. 574, 582 A.2d 1093, 1097 (1990) (*en banc*), *aff'd per curiam*, 529 Pa. 442, 604 A.2d 1026 (1992) (partially quoting *Commonwealth v. Podrasky*, 250 Pa.Super. 57, 378 A.2d 450 (1977)); *see also Commonwealth v. Wood*, 327 Pa.Super. 351, 475 A.2d 834, 836 (1984).[1] Herein, Appellant properly refer-

---

1. In *Matter of Huff, Podrasky,* and *Wood,* the   charge was "reckless driving," but the *mens*

ences *Podrasky* as outlining the pertinent mens rea applicable to the summary offense of careless driving. *See* Appellant's brief at 26.[2]

■ The Commonwealth's evidence in the case *sub judice* was brief. An accident occurred because Appellant was unable to stop her vehicle in time to avoid striking the rear of the automobile in front of her. It is well established that the mere occurrence of an accident does not prove negligence. *Hamil v. Bashline*, 481 Pa. 256, 392 A.2d 1280, 1284 (1978) ("the mere occurrence of an injury does not prove negligence"); *Commonwealth v. King*, 298 Pa.Super. 499, 444 A.2d 1294, 1295 (1982) ("the mere happening of an accident does

not raise an inference or presumption of negligence").

■ Thus, the Commonwealth did not even establish the existence of ordinary negligence because it did not prove how the accident occurred; it was required to establish more than mere negligence and more than the mere absence of care in order to convict Appellant of careless driving. The fact that Appellant did not have sufficient time to stop does not mean that she was negligent. The driver of the vehicle that Appellant struck may have improperly left its lane of travel and pulled in front of her without leaving her sufficient room to stop. The vehicle in question may have abruptly stopped without warning.[3]

rea under the pertinent statute at that time was "careless disregard." The offense of reckless driving now appears at 75 Pa.C.S. § 3736 and requires "willful or wanton disregard for the safety of persons or property." However, *Matter of Huff*, *Podrasky*, and *Wood* interpreted the meaning of the term "careless disregard," which *mens rea* appears in the offense now called careless driving. The definition of the term "careless disregard" outlined in those three cases continues to be valid.

2. The trial court indicated that Appellant incorrectly argued that the *mens rea* applicable to careless driving was willful or wanton misconduct by providing cases on that type of *mens rea*. However, at the trial *de novo*, Appellant clearly made the correct argument, which is that careless driving requires more than mere negligence. Although we are not privy to the cases provided to the trial court, we believe that the proper argument was made during trial.

Moreover, it is established that a defendant can challenge the sufficiency of the evidence for the first time on appeal. Thus, even had Appellant argued the incorrect *mens rea* standard below, we can properly reach this question. *See Commonwealth v. Causey*, 833 A.2d 165, 174 (Pa.Super.2003) ("pursuant to Pa. R.Crim.P. 606(A)(7), counsel was not required to make a motion with the trial court in order to preserve a challenge to the sufficiency of the evidence for purposes of appeal"); Pa. R.Crim.P. Rule 606(A)(7) ("A defendant may

challenge the sufficiency of the evidence to sustain a conviction of one or more of the offenses charged in one or more of the following ways ... a challenge to the sufficiency of the evidence made on appeal.").

3. In its opinion, the trial court indicated that the vehicle in front of Appellant was stopped. However, Officer Miller was asked specifically whether Appellant indicated what that vehicle was doing when she struck it. Appellant did **not** state that it was stopped; rather, she said she just saw it too late to stop. No other exhibits were introduced into evidence. Officer Miller admittedly did not view the crash and no witnesses to the incident were presented.

Apparently, the finding that the car in front of Appellant was stopped was premised upon information in Appellant's citation, which states, "Def. operated vehicle w/ careless disregard for others by striking a stopped vehicle." Traffic Citation, 8/26/08, at 1. The citation was never introduced into evidence at the trial *de novo*; furthermore, it is well established that a police report is double hearsay and inadmissible into evidence unless the statement made to police and the police statement itself are both subject to hearsay exceptions. Neither statement is subject to any apparent hearsay exception as the source of the information that the lead vehicle was stopped is not identified in the citation. The trial court was not permitted to rely upon the citation in issuing its factual findings. *Com-*

There is no indication that Appellant was speeding or looking away from the roadway. The evidence simply does not establish ordinary, civil negligence much less a heightened type of carelessness necessary to sustain a conviction for careless driving. The Commonwealth failed to meet its burden of proof herein.

Judgment of sentence vacated. Appellant is discharged.

monwealth v. Allshouse, 969 A.2d 1236 (Pa.Super.2009) (trial court not permitted to rely upon police report to support factual findings since police report was hearsay and was not admitted into evidence at hearing).