J-S54043-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARCHAL D. THOMPSON | : | |
| | : | |
| Appellant | : | No. 105 MDA 2019 |

Appeal from the Judgment of Sentence Entered December 18, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-SA-0000082-2018

BEFORE: BOWES, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                    **FILED NOVEMBER 13, 2019**

Appellant, Marchal D. Thompson, appeals from the Judgment of Sentence entered in the Dauphin County Court of Common Pleas following his conviction after a bench trial for Careless Driving (Unintentionally Causing the Death of Another Person).[1] He challenges the sufficiency of evidence supporting his conviction. After careful review, we affirm.

We glean the following facts from the trial court's Opinion and certified record. On December 26, 2017, Appellant was operating a truck-tractor/semi-trailer combination vehicle in the left lane of Interstate 81 in West Hanover Township, when he collided with the rear of a passenger SUV vehicle traveling in the same direction. The rear-end impact caused the SUV to be propelled

---

[1] 75 Pa.C.S. § 3714(b).

forward and sideways, sideswiping a nearby commercial vehicle and a passenger vehicle in the adjacent lane.

The SUV's driver sustained a broken nose, and the victim, a passenger in the SUV, suffered serious injuries, including multiple spinal fractures, and was taken to Hershey Medical Center. Several days later, she passed away while undergoing surgery to treat the injuries sustained in the accident.

At the scene of the accident, Pennsylvania State Police Trooper Jared Troutman had spoken with all the vehicle operators involved and performed an investigation. He concluded that Appellant's truck-tractor/semi-trailer combination vehicle was the sole cause of the accident.

Appellant was charged with the summary offense of Careless Driving (Unintentionally Causing the Death of Another Person). On March 21, 2018, Appellant pleaded guilty to that charged offense in municipal court. The court sentenced Appellant to pay the statutory $500 fine and court costs. Appellant appealed to the Court of Common Pleas.

The court held a *de novo* bench trial on December 18, 2018. The sole witness at trial was Trooper Troutman who testified that Appellant told him at the scene of the accident that, at the time of the accident, there was a glare from the sun on his windshield that had inhibited his ability to see.

Trooper Troutman further testified regarding the report he completed pertaining to the accident, in which he indicated that the environmental factor of sun glare contributed to the accident. However, he testified that he also specified in the report that the "prime" factor contributing to the accident was

driver action—that Appellant was driving too fast for the conditions. Trooper Troutman could not recall the exact speed of Appellant's vehicle at the time of the crash, but he testified that the type of severe vehicle damage to the SUV observed at the accident scene strongly suggested that Appellant was traveling at a high speed at the time of the collision. Trooper Troutman testified that Appellant had not been driving his vehicle at an "assured clear distance"[2] from the SUV.

Trooper Troutman informed the court that New Jersey law enforcement authorities conducted an inspection of the braking system in Appellant's tractor-trailer, which indicated a possible defect with one of the axles in Appellant's braking system.[3] However, the parties did not introduce other evidence relating to Appellant's braking system.

At the conclusion of the trial, the court found Appellant guilty of Careless Driving, and sentenced him to pay the statutory $500 fine and court costs. Appellant did not file a post-sentence motion.

Appellant timely appealed. Both Appellant and the trial court complied with Pa. R.A.P. 1925.

---

[2] The "assured clear distance ahead rule," which is codified in the Vehicle Code, 75 Pa.C.S. § 3361, requires a motorist to be capable of stopping within the distance that he or she can clearly see. *Davis v. Wright*, 156 A.3d 1261, 1271 (Pa. Super. 2017).

[3] Appellant resides in the state of New Jersey.

Appellant raises the following issue for our review: "Did the Commonwealth fail to present sufficient evidence to sustain a conviction as to careless driving?" Appellant's Br. at 6. Specifically, he argues that the court erroneously relied on the "assured clear distance" rule and failed to adequately consider the exculpatory evidence—that glare was the number one environmental factor associated with the accident and that there may have been a defect with Appellant's braking system.[4] *Id.* at 12-14.

Our standard of review applicable to challenges to the sufficiency of evidence is well settled. "Viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, and taking all reasonable inferences in favor of the Commonwealth, the reviewing court must determine whether the evidence supports the fact-finder's determination of all of the elements of the crime beyond a reasonable doubt." *Commonwealth v. Hall*, 830 A.2d 537, 541-42 (Pa. 2003). Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence. *Commonwealth v. Melvin*, 103 A.3d 1, 39-40 (Pa.

_____

[4] Appellant purports to challenge only the sufficiency of evidence against him. However, Appellant's argument that the court failed to adequately consider certain evidence raises a weight of evidence challenge. To the extent that Appellant asserts a challenge to the weight of evidence, this issue is waived because he did not challenge the weight of evidence either orally or in writing before sentencing or in a post-sentence motion. *Commonwealth v. Bryant*, 57 A.3d 191, 196-97 (Pa. Super. 2012); Pa.R.Crim.P. 607.

Super. 2014). In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for that of the fact-finder. *Id*.

The summary offense of Careless Driving is defined as "[a]ny person who drives a vehicle in careless disregard for the safety of persons or property[.]" 75 Pa.C.S. § 3714(a).[5] "The *mens rea* requirement applicable to [section] 3714, careless disregard, implies less than willful or wanton conduct but more than ordinary negligence or the mere absence of care under the circumstances." ***Commonwealth v. Gezovich***, 7 A.3d 300, 301 (Pa. Super. 2010) (citation and internal quotations omitted).

As noted above, the Commonwealth presented Trooper Troutman's testimony that the "prime" factor which caused the accident was driver action—that Appellant was driving too fast for the conditions, conditions which included glare. He opined that the severe damage to the SUV strongly suggested that Appellant was traveling at a high speed at the time of the collision and that Appellant was unable to stop within the distance that he could clearly see. Trooper Troutman also testified that Appellant's vehicle was the sole cause of the accident and that the victim passed away while undergoing surgery to treat the injuries she sustained in the accident. Applying our standard of review, *i.e.*, "viewing the evidence in the light most

_____

[5] A person who unintentionally causes the death of another person as a result of Careless Driving shall be sentenced to pay a fine of $500. 75 Pa.C.S. § 3714(b).

favorable to the Commonwealth as the verdict winner, and taking all reasonable inferences in favor of the Commonwealth," we conclude that the evidence supports the trial court's determination that the Commonwealth proved all of the elements of Careless Driving (Unintentionally Causing the Death of Another Person). Accordingly, Appellant's sufficiency challenge to his Careless Driving conviction is meritless.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/13/2019