J-S40019-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                 :           PENNSYLVANIA
                                 :

           v.                      :
                                 :
                                 :

RASHAN M. GRIFFIN           :
                                 :
        Appellant        :     No. 2396 EDA 2023

Appeal from the Judgment of Sentence Entered August 18, 2023
In the Court of Common Pleas of Delaware County
Criminal Division at No:  CP-23-CR-0001296-2022

BEFORE:  STABILE, J., McLAUGHLIN, J., and LANE, J.

DISSENTING MEMORANDUM BY STABILE, J.:      **FILED APRIL 15, 2025**

I respectfully dissent.  To sustain a conviction for careless driving, the Commonwealth must prove beyond a reasonable doubt that the defendant drove a vehicle "in careless disregard for the safety of persons or property." 75 Pa.C.S.A. § 3714(a).  "The *mens rea* requirement applicable to § 3714, careless disregard, implies less than willful or wanton conduct but more than ordinary negligence or the mere absence of care under the circumstances." ***Commonwealth. v. Gezovich***, 7 A.3d 300, 301 (Pa. Super.2010).

As found by the trial court, "[t]his case stems from [Appellant]'s single vehicle crash [that resulted] in fire and heavy damage to [Appellant's] vehicle, on January 18, 2022, just before 2:00 a.m. on Route 322E approaching the Commodore Barry Bridge."  Trial Court Opinion, 6/10/24 at 1.  "The vehicle was traveling on a straight road, and ended up in a ditch, on fire, during a time when there was very little traffic on the roads."  ***Id.***  Based upon these

sole facts, the trial court found Appellant guilty of careless driving based upon "the nature of the accident, the straight path of the roadway, the vehicle's resting place in a ditch, and the lack of evidence of ice, traffic or other intervening factor." *Id.* at 2.

The Commonwealth was required to prove that Appellant drove his vehicle "in careless disregard for the safety of persons or property." 75 Pa.C.S.A. § 3714(a). The sum total of the evidence presented by the Commonwealth and accepted by the trial court to find Appellant guilty of careless driving was the physical evidence of the vehicle and the clear condition of the road. There was no evidence as to how this accident occurred, no statements by Appellant or anyone else as to how the accident occurred, whether there were any factors that may have caused Appellant to veer off the highway, or any other proof to explain this accident. One can only imagine any number of scenarios that could cause a vehicle to leave the highway that are not the result of careless driving. The fact that Appellant's vehicle was heavily damaged and caught fire proves nothing as to why or how this accident occurred.

The mere fact of an accident does not prove negligence, *Gezovich*, *supra.*, nonetheless the more culpable offense of careless driving. "It is important to note that motor vehicle accidents occur on a daily basis that are not the result of reckless, or even, careless driving. The mere fact that an accident occurred . . . does not prove, beyond reasonable doubt, that [a defendant] . . . was driving recklessly [or carelessly] prior to running off the

road." ***Commonwealth v. Bullick***, 830 A.2d 998, 1005 (Pa. Super. 2003). It is the Commonwealth's burden to prove beyond a reasonable doubt every fact necessary to constitute the crime with which a defendant is charged. ***See Commonwealth v. Smith***, 17 A.3d 873, 908 (Pa. 2011). A defendant "has no duty to present evidence and may instead rely on the presumption of innocence and the Commonwealth's burden of proof." ***Id.*** (citation omitted). Here, I believe the Commonwealth fell far short of meeting its burden of proof where the only evidence presented to support a conviction of careless driving was the mere occurrence of an accident, damage to the vehicle, and the vehicle's apparent departure from a clear and straight roadway during a winter night.

On appeal, Appellant argues that ***Gezovich*** controls and compels this Court to vacate his conviction. I agree. In ***Gezovich***, Pennsylvania State Trooper Charles A. Miller responded to a traffic accident involving two vehicles. 7 A.3d at 301. When he arrived, both vehicles were moved off to the side and there was debris on the roadway. ***Id.*** Gezovich told Trooper Miller that she saw the vehicle too late, slammed on her brakes, but struck it anyway. ***Id.*** No other evidence or witnesses were presented. ***Id.*** The trial court, believing there was no *mens rea* requirement for careless driving, convicted Gezovich and imposed a fine. ***Id.***

On appeal, Gezovich argued that the evidence was insufficient to support the *mens rea* requirement of careless driving. ***Id.*** In reversing, this Court concluded that the Commonwealth "was required to establish more than

mere negligence and more than the mere absence of care in order to convict Appellant of careless driving." ***Id.*** at 302. We further noted that

> [t]he driver of the vehicle that Appellant struck may have improperly left its lane of travel and pulled in front of her without leaving her sufficient room to stop. The vehicle in question may have abruptly stopped without warning. There is no indication that Appellant was speeding or looking away from the roadway.

***Id.*** at 302-03.

Here, the Majority interprets this quoted text to require evidence of "something else [that] caused the accident, such as evidence that [Appellant] attempted to brake or swerve around an obstacle." Majority Memorandum, at 6. Such an interpretation leads to a shifting of the burden of proof from the Commonwealth to the defense to provide another reason for the accident, other than careless driving. That is improper. The Commonwealth, and not the defendant, has the burden to prove every element of careless driving, including its *mens rea*.

Since the Commonwealth failed to present evidence of Appellant's driving prior to the accident, or any evidence of how the accident occurred, I cannot conclude that there is sufficient evidence to support a careless driving conviction. ***Gezovich, supra.***