J-S10023-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
PEARLY CHARLES NOBLE :
:
Appellant : No. 1231 MDA 2024

Appeal from the Judgment of Sentence Entered July 29, 2024
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0001497-2023

BEFORE: BOWES, J., OLSON, J., and SULLIVAN, J.

MEMORANDUM BY OLSON, J.: **FILED MAY 13, 2025**

Appellant, Pearly Charles Noble, appeals from the July 29, 2024 judgment of sentence entered in the Court of Common Pleas of Dauphin County after Appellant was convicted, in a bench trial, of driving under the influence ("DUI") of a Schedule I controlled substance and careless driving.[1] Appellant was sentenced to six months of restricted punishment, with the first month on house arrest, and ordered to pay the costs of prosecution and fines in the amount of $1,025.00.[2] We affirm.

_____

[1] 75 Pa.C.S.A. §§ 3802(d)(1)(i) and 3714(a), respectively. Appellant was also charged with DUI of a controlled substance – impaired ability, 75 Pa.C.S.A. § 3802(d)(2), and possession of a small amount of marijuana for personal use, 35 P.S. § 780-113(a)(31)(i). The Commonwealth withdrew these two criminal charges prior to the start of trial. N.T., 7/29/24, at 4.

[2] For his DUI conviction, Appellant was ordered to pay a fine in the amount of $1,000.00. For his careless driving conviction, Appellant was ordered to pay a fine in the amount of $25.00. N.T., 7/29/24, at 21.

The record reveals that, after being charged with the aforementioned criminal offenses on June 4, 2023, Appellant proceeded to a bench trial on July 29, 2024. Based on the evidence presented at the bench trial, the trial court summarized its factual findings as follows:

> On March 30, 2023, Trooper Ryan Dehaven [("Trooper Dehaven")] of the Pennsylvania State Police Department initiated a traffic stop involving Appellant. Appellant was traveling with one passenger in the vehicle. Trooper Dehaven testified that Appellant, more than once, crossed over the white fog line to the right of the driving lane so that his tires went onto the shoulder of the road. Upon interaction with Appellant, Trooper Dehaven observed indicia of impairment, including a laxed demeanor, changing speech, and fluctuating emotions. Trooper Dehaven also noted that Appellant was very "chatty" about topics other than the traffic stop. During the course of conversation with Trooper Dehaven, Appellant admitted to smoking marijuana "just hours" prior to this interaction. After performing field sobriety tests on Appellant, Trooper Dehaven placed Appellant under arrest for suspicion of driving under the influence. Appellant submitted to a blood draw. The results of the [laboratory] test show[ed] that Appellant had [Tetrahydrocannabinol ("THC")] or marijuana metabolites in his blood [system] at the time of the traffic stop.

Trial Court Opinion, 10/23/24, at 2 (record citations omitted).

On July 29, 2024, the trial court found Appellant guilty of DUI – Schedule I controlled substance and careless driving and immediately sentenced Appellant as set forth *supra*. Appellant did not file a post-sentence motion. This appeal followed.[3]

---

[3] Both Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant raises the following issue for our review: "Whether the Commonwealth produced sufficient evidence to prove beyond a reasonable doubt that [Appellant] was guilty of the offense of careless driving[?]" Appellant's Brief at 4.

Our standard and scope of review of a challenge to the sufficiency of the evidence to support a conviction are well-settled.

> The standard we apply in reviewing the sufficiency of the evidence is whether[,] viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated[,] and all evidence actually received must be considered. Finally, the [fact-finder,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part[,] or none of the evidence.

*Commonwealth v. Reed*, 216 A.3d 1114, 1119 (Pa. Super. 2019).

To sustain a conviction of careless driving under Section 3714 of the Vehicle Code, the Commonwealth must establish that the defendant drove "a vehicle in careless disregard for the safety of persons or property[.]" 75 Pa.C.S.A. § 3714(a); *see also Commonwealth v. Ford*, 141 A.3d 547, 556 (Pa. Super. 2016), *appeal denied*, 164 A.3d 483 (Pa. 2016). "The *mens rea*

requirement applicable to [Section] 3714, careless disregard, implies less than willful or wanton conduct but more than ordinary negligence or the mere absence of care under the circumstances." **Ford**, 141 A.3d at 556, *quoting* **Commonwealth v. Gezovich**, 7 A.3d 300, 301 (Pa. Super. 2010).

Appellant asserts that "[p]roof of intoxication[, or] that the driver was under the influence, can be relevant for a conviction of careless driving but does not[,] by itself[,] prove careless driving." Appellant's Brief at 11. Appellant argues that "[t]here needs to be more than just a DUI conviction to establish careless disregard for the safety of persons or property." **Id.** Appellant contends that his conviction under Section 3802(d)(1)(i) "is not proof [his driving was impaired] by the controlled substance[, rather,] it is merely proof that he had a controlled substance in his system." **Id.** at 14. Appellant argues that "[w]ithout proof that the controlled substance could affect his driving, [the] DUI conviction does not help to show that he drove in careless disregard [for the safety of persons or property]." **Id.** at 14-15. Appellant asserts that the fact his vehicle touched and crossed the fog line was not so egregious that it constituted proof beyond a reasonable doubt of careless disregard for the safety of persons or property that would support a conviction of careless driving. **Id.** at 15.

In convicting Appellant of careless driving, the trial court found that the Commonwealth "presented testimony that Appellant crossed over the white fog line and [drove] onto the shoulder of the road more than once." Trial Court Opinion, 10/23/24, at 4. The trial court further found that "Appellant

- 4 -

admitted to smoking marijuana immediately prior to driving the vehicle with a passenger [and his] admission is further supported by the [blood draw results.]" *Id.* The trial court reasoned that "Appellant was unable to maintain proper control of his vehicle because of his impairment caused by a controlled substance. He admitted to smoking marijuana immediately prior to driving the vehicle, he chose to drive the vehicle impaired, he failed to maintain control of the vehicle, and, as a result, he carelessly put his passenger at risk by disregarding [the person's] safety. Appellant's deliberate actions rise to a level above mere absence of care." *Id.* at 5.

At trial, Trooper Dehaven testified that he initiated a traffic stop of Appellant's vehicle for "a roadway violation" after observing the vehicle crossing over, and driving on, the white fog line. N.T., 7/29/24, at 6, 14. Trooper Dehaven observed Appellant driving in the "shoulder of the road" more than once. *Id.* at 6-7. Upon stopping the vehicle and engaging Appellant, Trooper Dehaven described Appellant as "very laxed" with changes in his speech and "very chatty" about things aside from the traffic stop. *Id.* at 7. According to Trooper Dehaven, Appellant went through "a roller coaster of emotions" during their interaction. *Id.* Appellant admitted to using marijuana "just hours before" operating the vehicle. *Id.* at 7-8. Based upon his knowledge, training, and experience, Trooper Dehaven believed that Appellant was impaired. *Id.* His opinion was further supported by Appellant's performance on field sobriety tests, which resulted in Trooper Dehaven placing Appellant under arrest on suspicion of DUI and asking Appellant to submit to

a blood draw. *Id.* at 8. The toxicology report revealed that Appellant had marijuana metabolites in his blood system at the time of the blood draw. *Id.* at 9; *see also* Commonwealth Exhibit 1. On cross-examination, Trooper Dehaven acknowledged that, upon encountering Appellant's vehicle "in the right-hand side of the two-lane highway," there were no other vehicles in the immediate vicinity of Appellant's location. N.T., 7/29/24, at 11-12. Trooper Dehaven further agreed that Appellant engaged the vehicle's brakes several times, but the engagement of the brakes did not cause Trooper Dehaven to "slam on" his police cruiser's brakes or take evasive maneuvers while he drove behind Appellant's vehicle. *Id.* at 12-13. Trooper Dehaven stated that, after speaking to Appellant initially, he told Appellant he was "going to write him a warning and then let him go on his way" but the circumstances changed once a search of Appellant's vehicle revealed "a small bag of marijuana." *Id.* at 12-13.

In viewing the evidence in the light most favorable to the Commonwealth, as the verdict winner, we find there was sufficient evidence to support Appellant's conviction of careless driving. Appellant admitted to using marijuana "just hours before" operating his vehicle and his use of marijuana was confirmed by a toxicology test. Appellant also operated his vehicle with a Schedule I controlled substance in his blood stream, an act prohibited under Section 3802(d)(1)(i) of the Vehicle Code. *See* 75 Pa.C.S.A. § 3802(d)(1)(i). These deliberate acts, in combination with Appellant's failure to maintain lane integrity, demonstrate careless disregard not only for

Appellant's own safety and that of his passenger, but also for other motorists and pedestrians that Appellant may have encountered in his travels.[4] Appellant does not dispute that he was observed driving his vehicle on, or crossing over, the white fog line (**see** Appellant's Brief at 15) and, at one point, Appellant was observed driving his vehicle on the berm or shoulder of the roadway. The berm or shoulder of the roadway is an area were stranded motorists experiencing trouble with their vehicles, *i.e.*, a flat tire or engine problems, or motorists who have been involved in an accident will station their vehicles to avoid injury or accident. It is also an area where pedestrians may be present. Both pedestrians and stranded motorists have a reasonable expectation that drivers will operate their vehicles within the designated lanes

---

[4] Appellant's reliance on **Commonwealth v. Cave**, 281 A.2d 733 (Pa. Super. 1971) (*en banc*) to support his argument that evidence of the toxicology report showing his blood tested positive for marijuana and marijuana metabolites is insufficient to sustain a conviction of careless driving is misplaced. **See** Appellant's Brief at 14. In **Cave**, **supra**, an *en banc* panel of this Court held that evidence of "the mere drinking of" alcohol, alone, is inadmissible to prove that a driver was under the influence of alcohol and unfit to operate a vehicle. **Cave**, 281 A.2d at 734. Instead, such evidence, the **Cave** Court held, was only admissible when coupled with additional evidence "from which a conclusion reasonably follows that the driver was under the influence of intoxicating liquor." **Id.** Unlike **Cave**, **supra**, which addressed the admissibility of evidence, Appellant asserts a sufficiency of the evidence claim. Moreover, **Cave**, **supra**, involved a determination of whether Cave was under the influence of alcohol at the time of the accident such that he was unfit to operate his vehicle. Here, Appellant's sufficiency challenge involves a determination of whether the evidence admitted at trial was sufficient to prove beyond a reasonable doubt that he drove his vehicle in careless disregard for the safety of persons or property. This assessment differs materially from a determination of whether Appellant's use of a controlled substance impaired his driving.

of travel and will refrain from driving on the berm or shoulder of the roadway. While a vehicle touching or driving on the white fog line to avoid road debris or other obstacles may be a momentary or minor action by a driver that does not give rise to careless driving, Appellant's act of driving over the white fog line and operating his vehicle while on the shoulder of the roadway constituted more than a momentary or minor action. As such, the evidence, when viewed in the light more favorable to the Commonwealth, as verdict winner, was sufficient to convict Appellant of careless driving.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 05/13/2025