J-A19023-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
JOSEPH A. TURNER :
:
APPELLANT : No. 358 WDA 2024

Appeal from the Judgment of Sentence Entered February 26, 2024
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0009253-2021

BEFORE: BOWES, J., STABILE, J., and BENDER, P.J.E.

MEMORANDUM BY STABILE, J.: **FILED: October 29, 2025**

Appellant, Joseph A. Turner, seeks review of the judgment of sentence entered by the Court of Common Pleas of Allegheny County (suppression court). Following a non-jury trial, Appellant was found guilty of driving under the influence (DUI) of a controlled substance (75 Pa.C.S.A. § 3802); DUI, general impairment (75 Pa.C.S.A. § 3802(a)(1)); driving while operating privilege suspended or revoked (75 Pa.C.S.A. § 1543(b)(1)); and careless driving (75 Pa.C.S.A. § 3714(a)). He was sentenced to an aggregate term of 3-6 days of incarceration, followed by six months of probation. Appellant now argues that all evidence of these offenses was obtained by police during an illegal traffic stop, and that the suppression court erred in determining that the stop was supported by probable cause of a traffic violation. Finding no merit in that claim, we affirm.

The evidence adduced at the suppression hearing established that on December 24, 2020, at about 1:00 am, Officer Michael Apicella encountered Appellant while on patrol. The officer first observed Appellant's vehicle driving toward him through a tunnel. The wheels of Appellant's vehicle were twice seen crossing over the double yellow lines on the road which divided the lanes of traffic. *See* N.T. Suppression Hearing, 8/4/2022, at 5-6. Believing that Appellant had committed a traffic violation, the officer immediately pulled Appellant over.

Both Appellant and the officer parked their vehicles on the side of the roadway. As the officer exited his vehicle and walked toward Appellant's, he saw that Appellant was attempting to crawl into the back seat and open the rear driver's side door. Another individual was sitting in the front passenger seat. The officer directed Appellant not to exit the vehicle, and Appellant complied. *See id*., at 7-8. The officer also asked Appellant to produce his driver's license and vehicle registration information.

While waiting for Appellant to present those documents, the officer smelled the odor of alcohol coming from inside the vehicle. The officer further noticed that Appellant had "slurred speech and red glassy eyes." *Id*., at 8. After Appellant had exited the vehicle, the officer was able to smell the odor of alcohol directly from Appellant's person. Appellant admitted to the officer that he had three to four alcoholic beverages earlier that night. *See id*., at 8-9.

The officer asked Appellant to perform field sobriety exercises, and Appellant refused. *Id*., at 9. At that point, the officer determined that Appellant was incapable of operating his vehicle, and he was placed under arrest. *See id*. The Commonwealth then charged him with several violations of the Vehicle Code.

Prior to trial, Appellant moved to suppress all evidence obtained by the arresting officer after the initial traffic stop of his vehicle. Appellant argued that the stop was unlawful because the officer lacked probable cause that a violation of the Vehicle Code had been committed. The suppression court held a hearing on the motion at which the arresting officer testified to the facts outlined above. The motion to suppress was denied, as the suppression court determined that the officer had probable cause to believe that Appellant had committed the Vehicle Code violations of careless driving (75 Pa.C.S.A. § 3714) and driving on roadways laned for traffic (75 Pa.C.S.A. § 3309). *See* Suppression Court 1925(a) Opinion, 10/7/2024, at 4.

The case proceeded to a non-jury trial at which Appellant was found guilty of several Vehicle Code offenses. Appellant timely filed a notice of appeal, and in his brief, he raises a single issue:

> Whether the [suppression] court erred in denying [Appellant's] motion to suppress where the Commonwealth's evidence adduced at the suppression hearing failed to establish probable cause to justify the stop of [Appellant] for a violation of 75 Pa.C.S.A. § 3714(a)[(careless driving)].

Appellant's Brief, at 6 (numbering and suggested answer omitted).

- 3 -

On review of an order denying a motion to suppress, we are "limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct." *Commonwealth v. Harlan*, 208 A.3d 497, 499 (Pa. Super. 2019) (quoting *Commonwealth v. Freeman*, 150 A.3d 32, 34–35 (Pa. Super. 2016)). As long as the suppression court's findings of fact are supported by the record, they are binding. *See id*., at 499 (quoting *Freeman*, 150 A.3d at 34-35). "Moreover, appellate courts are limited to reviewing only the evidence presented at the suppression hearing when examining a ruling on a pre-trial motion to suppress." *Id*. (quoting *Freeman*, 150 A.3d at 34-35). The suppression court's legal conclusions, however, are reviewed *de novo*. *See Commonwealth v. Singleton*, 169 A.3d 79, 82 (Pa. Super. 2017).

A traffic stop must be supported by either an officer's reasonable suspicion or probable cause that a violation of the Vehicle Code has occurred. *See Commonwealth v. Salter*, 121 A.3d 987, 992–93 (Pa. Super. 2015) (citing *Commonwealth v. Feczko*, 10 A.3d 1285, 1290–91 (Pa. Super. 2010) (*en banc*)). An officer may stop a vehicle based on reasonable suspicion of a violation when further investigation is needed to confirm that a violation has taken place. *See Salter*, 121 A.3d at 992-93; *see also* 75 Pa.C.S.A. § 6308(b) (authorizing police to stop a vehicle where there is reasonable suspicion that a violation of the Vehicle Code has occurred).

The more stringent standard of probable cause will apply when a violation of the Vehicle Code is so apparent that a traffic stop would serve no

investigatory purpose.  *See Feczko*, 10 A.3d at 1290–91; *see also Commonwealth v. Enick*, 70 A.3d 843, 846 (Pa. Super. 2013) ("Where a vehicle stop has no investigatory purpose, the police officer must have probable cause to support it").  "Pennsylvania law makes clear that a police officer has probable cause to stop a motor vehicle if the officer observes a traffic code violation, even if it is a minor offense."  *Commonwealth v. Harris*, 176 A.3d 1009, 1019 (Pa. Super. 2017) (citing *Commonwealth v. Chase*, 960 A.2d 108 (Pa. 2008)).

Traffic stops based on a suspected violation of the summary offenses of driving on roadways laned for traffic (75 Pa.C.S.A. § 3309), and failing to drive on the right side of the roadway (75 Pa.C.S.A. § 3301(a)), are subject to the probable cause requirement.  *See Commonwealth v. Landis*, 89 A.3d 694, 703 (Pa. Super. 2014); *Enick*, 70 A.3d at 846-47.  The same is true for the summary offense of careless driving (75 Pa.C.S.A. § 3714(a)).  *See Commonwealth v. Venable*, 200 A.3d 490, 499 (Pa. Super. 2018).

In the present case, we find that the suppression court did not err in determining that the traffic stop of Appellant's vehicle was justified by probable cause of a Vehicle Code violation.  The arresting officer testified at the suppression hearing that he observed Appellant driving his vehicle through a tunnel, twice crossing the double yellow lines on the roadway within a span of about five seconds.  *See* N.T. Suppression Hearing, 8/4/2022, at 5-6.  The suppression court credited that testimony.  *See* Suppression Court 1925(a) Opinion, 10/7/2024, at 2-3.

Under 75 Pa.C.S.A. § 3309(a), "[a] vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from the lane until the driver has first ascertained that the movement can be made with safety." Further, section 3301(a) provides that "[u]pon all roadways of sufficient width, a vehicle shall be driven upon the right half of the roadway," except in several scenarios which are not relevant in this case. 75 Pa.C.S.A. § 3301(a). In **Enick**, this Court explained that there is probable cause for a traffic stop based on suspected violations of sections 3309 and 3301 when an officer observes an approaching motorist cross over double yellow lines on a roadway. **Enick**, 70 A.3d at 847-48. Thus, the officer had probable cause for the traffic stop in the instant case based on suspicion that those Vehicle Code provisions had been violated.

Appellant argues that it is irrelevant whether the officer observed violations of sections 3309 and 3301 because the officer's stated basis for the stop was only a careless driving violation under section 3714. **See** Appellant's Brief, at 21 (citing N.T. Suppression Hearing, 8/4/2022, at 6). While we are not persuaded that the officer observed Appellant violating that specific statute,[1] Appellant's argument is not dispositive.

_____

[1] Careless driving is defined as operating "a vehicle in careless disregard for the safety of persons or property[.]" 75 Pa.C.S.A. § 3714(a). "The mens rea requirement applicable to Section 3714, careless disregard, implies less than willful or wanton conduct but more than ordinary negligence or the mere absence of care under the circumstances." **Commonwealth v. Sanders**, 259 A.3d 524, 529 (Pa. Super. 2021) (*en banc*) (quoting **Commonwealth v.**
*(Footnote Continued Next Page)*

- 6 -

A reviewing court may affirm an order on any basis that is supported by the record. **See In re A.J.R.-H.**, 188 A.3d 1157, 1175-76 (Pa. 2018) ("The 'right for any reason' doctrine allows an appellate court to affirm the trial court's decision on any basis that is supported by the record.") (Internal citation omitted). The subject order denying Appellant's suppression motion is supported by the officer's testimony, regardless of the suppression court's findings as to section 3714. Thus, the denial of the motion must be upheld.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 10/29/2025

---

**Gezovich**, 7 A.3d 300, 301 (Pa. Super. 2010)). The officer in this case testified that he believed Appellant committed that violation solely by "crossing over the double yellow lines." N.T. Suppression Hearing, 8/4/2022 at 6. But without any further facts showing more than ordinary negligence or an absence of care, the record cannot establish probable cause or otherwise support the suppression court's finding that the officer observed a violation of section 3714(a).