J-S32026-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                     :          PENNSYLVANIA
                                       :
              v.                        :
                                         :
                                         :
JENNIFER STONE                    :
                                         :
              Appellant         :    No. 357 MDA 2025

Appeal from the Judgment of Sentence Entered February 12, 2025
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0003184-2024

BEFORE:   LAZARUS, P.J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:       **FILED: DECEMBER 22, 2025**

Jennifer Stone appeals from the judgment of sentence imposed after the trial court found her guilty of terroristic threats and other offenses.[1]  She claims that the evidence was insufficient to establish terrorist threats beyond a reasonable doubt.  Upon review, we affirm.

The trial court summarized the facts as follow:

[O]n the evening of May 7, 2024, [] [Stone] vandalized three cars by puncturing tires with a knife and breaking the windows of one car with a brick.  The cars were in a parking lot between two apartments located in the five hundred block of North Queen Street in Lancaster, Pennsylvania.  One of the cars belonged to [Stone's] boyfriend at the time and the other two cars belonged to neighbors.

The testimony of Nayeli Rodriguez show[ed] that she was staying in the apartment at 504 North Queen Street at the time with Mila

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2706.

Barlingeri, who owned one of the vandalized cars. Ms. Rodriguez testified that she had come to the door after hearing screaming and loud banging. She observed Stone with a brick and a knife and saw [Stone] break the back windshield and side window of a car with the brick. [Stone] told the witness that, "if I came near her, she was going to stab me." A video, taken by a neighbor was played for the court showing [Stone] during this incident holding a knife. The witness testified that [Stone's] statement to her made her feel frightened. [Stone] testified and stated that she had been living in the house next to where Ms. Rodriguez was staying and had been there for seven years. She claimed that the car that she put the brick through was her [own] car. She explained that she did this because she had been locked out of her building and was trying to get blankets out of the back of the car or to sleep in the car. She denied threatening anyone but then stated that, "[i]f I threatened them, I don't remember threatening them. I didn't threaten them."

Trial Court Opinion, 4/16/25, at 2-3 (citations omitted). Stone was arrested and charged with several offenses.

The court conducted a bench trial on February 12, 2025. The court found Stone guilty of terroristic threats and two counts of criminal mischief and acquitted her of one count of criminal mischief and possession of a weapon. That same day, the court sentenced Stone to an aggregate term of 7 to 23 months' incarceration. Stone did not file a post-sentence motion.

Stone filed this timely appeal. She and the trial court complied with Appellate Rule 1925.

Stone raises a single issue challenging the sufficiency of the evidence to sustain her conviction for terroristic threats. When analyzing whether the evidence was sufficient to support a conviction, this Court must "view the evidence in the light most favorable to the Commonwealth as the verdict

winner in order to determine whether the jury could have found every element of the crime beyond a reasonable doubt." ***Commonwealth v. Thomas***, 215 A.3d 36, 40 (Pa. 2019). "The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented." ***Commonwealth v. Brown***, 52 A.3d 320, 323 (Pa. Super. 2012). "Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." ***Commonwealth v. Vargas***, 108 A.3d 858, 867 (Pa. Super. 2014) (*en banc*). Additionally, this Court cannot "re-weigh the evidence and substitute our judgment for that of the fact-finder." ***Id***. A challenge to the sufficiency of the evidence presents a pure question of law and, as such, our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Jacoby***, 170 A.3d 1065, 1076 (Pa. 2017).

To establish the offense of terroristic threats, the Commonwealth must show that the defendant: (1) made a threat to commit a crime of violence; and (2) that the threat was communicated with the intent to terrorize. 18 Pa.C.S.A. § 2706(a)(1); ***Commonwealth v. Walls***, 144 A.3d 926, 936 (Pa. Super. 2016). Importantly, we note that "[t]he purpose of [section 2706] is to impose criminal liability on persons who make threats which seriously impair personal security or public convenience. It is not intended by this section to penalize mere spur-of-the-moment threats which result from anger." 18 Pa. C.S.A. § 2706 cmt.; ***Walls***, ***supra***.

Specifically, Stone argues that the Commonwealth's evidence failed to establish that she acted with the requisite intent to terrorize the victim. Instead, Stone maintains that, when she made the statement, she acted to protect herself from Ms. Rodriguez; Stone claimed that Ms. Rodriguez beat her up previously, and she perceived Ms. Rodriguez as a threat. Stone's Brief at 10, 12. Therefore, according to Stone, the evidence was insufficient to sustain her conviction for terroristic threats. *Id.* at 8. We disagree.

Here, the evidence clearly established that Stone made a threat of violence stating, with a knife in hand, "if you come near me, I'm going to stab you." Although Stone denied making this statement, or did not remember, and claimed she was afraid of Ms. Rodriguez, the trial court did not find her credible. "In applying the [sufficiency] test, we may not weigh the evidence and substitute our judgment for the fact-finder." ***Commonwealth v. Gezovich***, 7 A.3d 300, 301 (Pa. Super. 2010). Moreover, there was no evidence that Ms. Rodriguez engaged in any argument with Stone or approached her during this incident to support Stone's claim of fear or that she was trying to defend herself.

Additionally, Stone made this statement shortly after she stabbed the tires of two vehicles and put a brick through a car window. Stone's statement, coupled with her violent behavior, provided a sufficient basis from which the trial court could reasonably infer that Stone threatened Ms. Rodriguez with the intent to terrorize her.

Viewing the evidence in the light most favorable to the verdict to the Commonwealth as the verdict winner, and all reasonable inferences drawn therefrom, we conclude that the Commonwealth presented sufficient evidence for the trial court to convict Stone of terroristic threats. Stone is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/22/2025